**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____\

| | |
|---|---|
| **PATRICIA DRAYTON, VALERIE KIRK,** and *et. al.,* | 07 Civ 6315 (RMB)(MHD) |
| **PLAINTIFFS,** | **CLASS ACTION COMPLAINT** **Trial by Jury is Demanded on all Counts so Triable** |
| -against- | |

**TOY US, INC,** in its corporate
and professional capacities,
**TOYS "R" US-NY, LLC,** in its corporate
and professional capacities,
**METRO ONE LOSS PREVENTION GROUP
(GUARD DIVISION NY), INC.,** in its corporate
and professional capacities,
**VIC DEBLASSI,** individually, and in his
official capacity as Director of Loss Prevention,
**RICH FERNANDEZ,** individually, and in his official
capacity as District Loss Prevention Manager,
**JOSE NIEVES,** individually, and in his official
capacity as Store Director,
**GEORGE APONTE,** individually, and in his official
capacity as Assistant Store Director,
**BERNARD RICKETSON,** individually, and in his official
capacity as President and Qualifying Officer
of Metro One,
**ROCKY ETIENNE,** individually, and in his official
capacity as an Armed Guard of Metro One,
**MARK MCMAHON,** individually, and in his official
capacity as a Security Guard of Metro One,
**McANDREW, CONBOY & PRISCO**, in its corporate and
professional capacities and
**MORRIS, DUFFY, ALONSO, & FALEY,** in its corporate and
professional capacities and
**DEFENDANT DOES 1 to 100** individually, and in
their official capacities,

<b>DEFENDANTS,</b>

_____

Plaintiffs,  by  their  attorneys, THE LAW OFFICES OF ROY & ASSOCIATES,

P.C.  of  26 Court Street, Suite  1503,  Brooklyn, New York  complaining of the

defendants, and allege as follows:

**PRELIMINARY STATEMENT**

1.     This is a class action lawsuit seeking declaratory, injunctive, and monetary relief against the defendants for engaging in a continuing pattern and practice of race-based stops, searches, wrongful unjustified detentions, false imprisonment, false arrest and harassment of   African Americans.

2.     The Class of innocent minorities are  represented by the following Plaintiffs:  (The "Plaintiffs") who due to Defendants' custom and practice of discrimination, unlawfully and unreasonably have been detained and/or searched ostensibly for no reason other than the color of their skin.

3.     Plaintiffs for themselves and on behalf of a class similarly situated individuals have instituted this action against various corporate entities and individuals, seeking declaratory relief, injunctive relief, monetary damages, equitable, and all other relief to which they are entitled. bring this class action for, *inter alia*, Defendants' unlawful and racial discriminatory in violation of Plaintiffs' Constitutional Rights secured by the Fourth and Fourteenth Amendments of the United States Constitution and for the violation of the duty not to discriminate on the basis of race pursuant to Title 42 U.S.C. § 1981 *et. seq.,* Title 42 U.S.C. § 1982 *et. seq.,* Title 42 U.S.C. § 1983 *et. seq.,* Title 42 U.S.C. § 1985 *et. seq.,* and Title 42 U.S.C. § 1986 *et. seq.*   Plaintiffs also seeks monetary damages for supplemental claims under Article I § 11 and Article I § 12 of the New York State Constitution, New York State Law Executive Law, § 296 and New York Civil Rights Law § 40 for unfair discriminatory practices.

2

4.     This is a case about Defendants TOYS "R" US, INC.S' and TOYS "R" US-NY,LLC (hereinafter collectively referred to as "TOYS "R" US") and METRO ONE LOSS PREVENTION GROUP'S (GUARD DIVISION) INC. ("METRO ONE") asset protection and sales receipt verification policies, practices, and customs, which are placed high above the fundamental Civil Rights of African Americans and persons of African ancestry (hereinafter at times referred to as "Blacks"). Said asset protection and sales receipt verification policies carried out on a daily basis subjects Blacks to unjustified and unwarranted scrutiny at TOYS "R" US' stores throughout the United States.

5.     Defendants TOYS "R" US' and METRO ONE'S policies have subjected Blacks to unjustified and unwarranted scrutiny. Rather than focus and devote its attention on criminal conduct of shoplifters, Defendants TOYS "R' US' and METRO ONE'S loss prevention employees, loss prevention sub-contractors, namely Metro One Loss Metro One's, Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees focus their collective attention solely on innocent Black customers, which results in a disproportionate number of Black customers being racially discriminated against, assaulted, battered, surveilled, stopped, seized, searched and without probable cause or legal justification.

6.     Black shoppers are subjected to compulsory inspection of their sales receipts after duly making their purchases and attempt to exit Defendant TOYS "R' US' stores, whereas on the other hand white shoppers who are similarly situated are not subjected to the same heightened and bias scrutiny and compulsory inspections of their sales

receipts upon exiting Defendant Toys "R" Us' stores, at Toys "R" US' stores located in communities that both predominantly Black and white.

7.    Under a pattern and practice set and enforced by Defendant TOYS "R" US and METRO ONE, Blacks, because of their race on a daily basis are being discriminated against, assaulted, battered, falsely arrested, falsely arrested without probable cause or reasonable grounds, in violation of the United States Constitution, federal law, the New York State Constitution and New York state and local laws.

8.    These unconstitutional and illegal acts degrade, humiliate, and cause grave harm to Blacks. Blacks who are falsely arrested and falsely imprisoned suffer unwarranted deprivation of personal liberty and humiliation of being detained, as TOYS "R' US' and METRO ONE'S  loss prevention employees, loss prevention sub-contractors, namely Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees.

9.    Typically Defendants TOYS "R' US' and METRO ONE'S  loss prevention employees, loss prevention sub-contractors, namely Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees surround innocent Black shoppers with a law enforcement show of force and authority in front of friends, family, or neighbors to verify their sales receipts of duly made purchases, despite the fact there was no probable cause or legal justification to detain these Black customers in first place, as they were and are not suspected or accused of committing larceny of TOYS "R' US' property.

10.    To encourage these patterns and practices of racial discrimination, Defendant TOYS "R" US and METRO ONE rewards their Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees with shrinkage bonuses for lower levels of shrinkage and punishes their Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees for having high rates of shrinkage.

11.    Defendant TOYS "R" US has not adequately monitored the conduct of its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees to prevent and remedy this unconstitutional conduct. Further, Defendants TOYS "R" US' and METRO ONE'S asset protection and receipt verification policies, practices, and customs have had a disparate impact on Black customers. Plaintiffs seek to enjoin this conduct and to protect the rights of Blacks customers throughout the United States of America.

12.    Plaintiffs have no adequate remedy at law for such deprivation of their rights, privileges and immunities.

13.    Defendant TOYS "R" US has two policies for its unjust inspection and verification of sales receipts of customers exiting its stores: One policy is for Blacks, wherein Black customers without being accused or suspected of committing larceny of Defendant TOYS "R" US' merchandise are forced by Defendants TOYS "R" US' and METRO ONE'S Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees to present their sales receipt to Toys "R" Us' and/or Metro One's employees. Failure of Blacks to present their sales

receipts to Defendants TOYS "R" US' and METRO ONE'S Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees results in Blacks being subjected to racial discrimination, assault, battery, false imprisonment, false arrest and a host of other tortuous conduct and/or omissions.

14.    The time has come to rein in this abuse of power and stop these unconstitutional and illegal acts daily visited upon Blacks shopping at Toys "R" Us' stores throughout the United States of America.

## JURISDICTIONAL ALLEGATIONS

15.    Jurisdiction is conferred upon this Court by 28 U.S.C. § 1343(3) and (4), relating to actions arising under 42 U.S.C. §§ 1981, 1982, 1983, 1985, 1986 and by 28 U.S.C. § 1331.   This Court's supplemental jurisdiction for Plaintiffs state law claims.

16.    Venue is proper pursuant to 28 U.S.C. § 1391(a)(1)(2); (b)(2); and (c).

17.    Declaratory and injunctive relief is authorized by 28 U.S.C.  2201 and 2202 and by Rule 57 of the Federal Rules of Civil Procedure.

18.    Injunctive relief is authorized by Rule 65 of the Federal Rules of Civil Procedure.

19.    An award of costs and attorneys fees is authorized pursuant to 42 U.S.C. § 1988.

20.    That this Court may exercise pendant jurisdiction of certain state law claims under 28 U.S.C. 1367 *et. seq.*

## PARTIES AND RELATIONSHIPS

21.    Plaintiffs, PATRICIA DRAYTON, VALERIE KIRK, and class members are represented by their attorney EMMANUEL ROY. Absent action by Plaintiffs, some of these persons will be unable to vindicate their rights and will, collectively, suffer irreparable harm. Thus, Plaintiffs cannot obtain complete relief through a private lawsuit by individual plaintiffs.

22.    At the time of the commencement of this action Plaintiff PATRICIA DRAYTON was and is an African American.

23.    At the time of the commencement of this action Plaintiff VALERIE KIRK was and is an African American.

## DEFENDANTS

25.    At the time of the commencement of this action Defendant TOYS "R" US, INC. is headquartered at One   Geoffrey Way Wayne, New Jersey 07470-2030. Defendant TOYS "R" US sales toys and baby products through 586 toy stores in the United States, and has 670 international toy stores, including licensed and franchise stores, as well as through its Internet site at www.toysrus.com. Babies "R" Us is the largest baby product specialty store chain in the world and a leader in the juvenile industry, and sells merchandise in more than 250 stores in the U.S. as well as on the Internet at www.babiesrus.com.

26.    At the time of the commencement of this action Defendant TOYS "R" US-NY LLC, was and still is a domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

7

27.    At the time of the commencement of this action Defendant METRO ONE LOSS PREVENTION SERVICES GROUP (GUARD DIVISION) INC.("METRO ONE") was and still is a foreign domestic corporation duly organized and existing under and by virtue of the laws of the State of New York.

28.    At the time of the commencement of this action, Defendant METRO ONE is headquartered at 900 South Avenue Suite 200 Staten Island, New York 10314. Defendant METRO ONE provides loss prevention services to retail stores such as TOYS "R" US, in the state of New York, the state of New Jersey, the state of Pennsylvania, the state of Maryland, the state of Illinois, the state of North Carolina and the District of Columbia.

29.    At the time of the commencement of this action, Defendant MCANDREW, CONBOY & PRISCO, is domestic registered limited liability partnership duly organized and existing under and by virtue of the laws of the State of New York.

30.    Defendant MCANDREW, CONBOY & PRISCO is a law firm located at 95 Froelich Farm Boulevard Woodbury, New York that provides defense for retail chains, such as Toys "R" Us.

31.    On January 03, 2007, Defendant MCANDREW, CONBOY & PRISCO were sanctioned by Magistrate Judge Gabriel W. Gorenstein for violating Magistrate Gorenstein's July 31, 2006 Preservation Order. Defendant TOYS "R" US admitted spoliation of the video surveillance tape which captured the July 10, 2006 incident in which Plaintiff DRAYTON and her three grandchildren (ages forth, three and 18 months) was subjected to racial discrimination, false arrest, false imprisonment, defamation by action and a number of other torts. Upon information and belief pending sanctions of an

adverse jury inference instruction, default judgment and others to be determined, will be decided by District Judge Castel.

31.    Upon information and belief, in April of 2007, in the case of Ortega v. City of New York, 22913/04, The New York State Court of Appeals recently granted leave to an appeal to hear whether an independent cause of action is viable for a third party's spoliation evidence. If the Court of Appeals decline to declare an independent cause of action is permissible against a third party, plaintiff's will seek sanctions against Defendant TOYS "R" US, MCANDREW, CONBOY & PRISCO, for spoliation of the videotape evidence of Plaintiff DRAYTON'S July 10, 2006 incident at Defendant TOYS "R" US' store.

32.    At the time of the commencement of this action, Defendant MORRIS DUFFY, ALONSO & FALEY, is domestic registered limited liability partnership duly organized and existing under and by virtue of the laws of the State of New York.

33.    Defendant MORRIS DUFFY, ALONSO & FALEY is a law firm located at 2 Rector Street, 22nd New York, New York that provides defense for security guard companies such as Defendant METRO ONE.

34.    Attorneys employed by Defendant MORRIS, DUFFY, ALONSO & FALEY, have and continue to defame Plaintiff DRAYTON through the matter of Bishop vs. Toys, 94 Civ. 9403, by accusing Plaintiff DRAYTON as being party to two women who committed larceny of Defendant TOYS "R" US' property to make fraudulent purchase of defendant TOYS "R" US' merchandise with counterfeit traveler's checks on July 10, 2006.

35.    Upon information and belief, Defendant MORRIS, DUFFY, ALONSO & FALEY acted in collusion and "cahoots" with Defendant MCANDREW, CONBOY & PRISCO in

the spoliation of the surveillance videotape of that captured Defendant METRO ONE'S security guard and armed guard violating Plaintiff DRAYTON'S Civil Rights on July 10, 2006 at Defendant TOYS "R" US' store.  As noted hereinabove, if the Court of Appeals decline to declare an independent cause of action for a third party's spoliation of evidence is permissible in the State of New York, Plaintiffs will seek sanctions against Defendants MORRIS DUFFY, ALONSO & FALEY for its active role in the spoliation of the videotape evidence that captured Plaintiff DRAYTON'S July 10, 2006 incident at Defendant TOYS "R" US' store.

36.    At the time of the commencement of this action, Defendant VIC DEBLASSI is, and was at all times relevant hereto, an employee of Defendant TOYS "R" US, under the employ as Director of Loss Prevention. As Director of Loss Prevention, he exercises authority over the asset and loss prevention policies and practices of TOYS "R" US' stores through the New York, New Jersey, Connecticut and Pennsylvania regions, namely the inspection of sales receipts of customers exiting TOYS "R" US' stores.

37.    Defendant DEBLASSI ultimately is responsible for the asset and loss prevention policies of Defendant TOYS "R" US, as well as the training of Defendant TOYS "R" US' Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees.

38.    Defendant DEBLASSI also is responsible for establishing policies and monitoring sales receipt inspections, hiring, training, monitoring, and supervision of subordinate employees of Defendant TOYS "R" US. Defendant DEBLASSI is sued in his individual and official capacities.

39.     At the time of the commencement of this action, Defendant RICH FERNANDEZ is, and was at all times relevant hereto, an employee of Defendant TOYS "R" US, under the employ of a District Loss Prevention Manager for the TOYS "R" US in which the unconstitutional injury was visited upon Plaintiff DRAYTON on July 10, 2006 and at other times during the times Plaintiff KIRK shopped at TOYS "R" US and at other class members shopped at Defendant TOYS "R" US' stores. As such, Defendant FERNANDEZ is responsible for the duties, discipline, and conduct of Defendant TOYS "R" US' Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees of Defendant TOYS "R" US. Defendant FERNANDEZ also is responsible for establishing policies and monitoring sales receipt inspections, hiring, training, monitoring, and supervision of subordinate employees of Defendant TOYS "R" US. Defendant FERNANDEZ is sued in his individual and official capacities.

40.     At the time of the commencement of this action, Defendant JOSE NIEVES is, and was at all times relevant hereto, the Store Director for Defendant TOYS "R" US in which the unconstitutional injury was visited upon Plaintiff DRAYTON on July 10, 2006 and at other times upon Plaintiff KIRK and other class members. As such, Defendant NIEVES is responsible for the day to day operation of Defendant TOYS "R" US' stores located in Bronx, New York, in which Plaintiffs DRAYTON, KIRK and other class members Civil Rights were violated.  On July 10, 2006, Defendant NIEVES having notice that Plaintiff Drayton and her three grand children Civil Rights were being violated failed to act to correct these violations of Plaintiff DRAYTON'S fundamental Civil Rights. Defendant Nieves is sued in his individual and official capacities.

41.   At the time of the commencement of this action, Defendant GEORGE APONTE is, and was at all times relevant hereto, an employee of Defendant TOYS "R" US, under the employ as the Assistant Store Director for TOYS "R" US in which the unconstitutional injury was visited upon Plaintiff DRAYTON on July 10, 2006 and at other times against Plaintiff KIRK and other class members. As such, Defendant APONTE is responsible for the day to day operation of the TOYS "R" US store located in Bronx, New York, in which Plaintiffs DRAYTON, KIRK and other class members fundamental Civil Rights were violated.

42.   Defendant APONTE having notice that Plaintiff DRAYTON and her three grand children Civil Rights were being violated failed to act to correct these violation of Plaintiff DRAYTON'S Civil Rights. Defendant APONTE is sued in his individual and official capacities.

43.   At the time of the commencement of this action, Defendant BERNARD RICKETSON is, and was at all times relevant hereto, an employee of Defendant METRO ONE, under the employ as the President and Qualifying Officer for Defendant METRO ONE.  As President and Qualifying Officer for METRO ONE, he exercises authority the policies and practices of Metro One security guards, armed guards, undercover operatives, store detectives and other loss prevention personnel for the states of New York, New Jersey, Maryland, Illinois, Pennsylvania, North Carolina and the District of Columbia.

44.    Defendant RICKETSON is ultimately is responsible for the licensure of security guards, armed guards and others, as well as the actions and loss prevention policies of Defendant METRO ONE. Defendant RICKETSON is sued in his individual and official capacities.

45.    At the time of the commencement of this action, Defendant ROCKY ETIENNE is, and was at all times relevant hereto, an employee of Defendant METRO ONE, under the employ as an Armed Guard with Peace Officer powers and authority.

46.    On July 10, 2006, Defendant ETIENNE worked at the TOYS "R" US store located in Bronx, New York, in which the unconstitutional injury was visited upon Plaintiff DRAYTON on July 10, 2006. As such, Defendant ETIENNE, as per Defendant TOYS "R" US' asset protection and loss prevention policies and practices was assigned to the duties of checking and verification of sales receipts of customers exiting TOYS "R" US on July 10, 2006.  Defendant ETIENNE is a Corrections Officer for the New York State Department of Correctional Services. As a Peace Officer, Defendant ETIENNE has acted and continues to act under color of state law by having powers vested to him by the State of New York to make warrantless arrest, prevent a perpetrator from escaping and other powers. Defendant ETIENNE is sued in his individual and official capacities.

47.    At the time of the commencement of this action, Defendant MARK MCMAHON is, and was at all times relevant hereto, an employee of Defendant METRO ONE, under the employ as a Security Guard with Special Patrolman/Peace Officer powers and authority granted to him by the City of New York and/or the State of New York.

48.    On July 10, 2006, Defendant MCMAHON worked at the TOYS "R" US store located in Bronx, New York, in which the unconstitutional injury was visited upon Plaintiff DRAYTON on July 10, 2006. As such, Defendant MCMAHON, as per TOYS "R" US' asset protection and loss prevention policies was assigned to the duties of checking and verification of sales receipts of customers exiting TOYS "R" US on July 10, 2006. Defendant MCMAHON, a Special Patrolman and/or Peace Officer acts and has acted within the scope of his employment and under color of state law by having powers vested to him by the State of New York and/or the City of New York to make warrantless arrest and prevent a perpetrator from escaping. Defendant MCMAHON is sued in his individual and official capacities.

49.    At the time of the commencement of this action, Defendants JOHN DOES 1-50 were and are relevant times police officers, retired police officers, peace officers, armed guards and security guards with Special Patrolman status, employed by defendants TOYS "R" US and METRO ONE, acted within the scope of their duties and under color of state law. Said defendants were specifically hired by defendants TOYS "R" US and METRO ONE to use their peace officer status to act as a deterrent to shrinkage of TOYS "R" US' assets and make warrantless arrest of shoplifters and innocent customers shopping at TOYS "R" US stores. These defendants are sued in their individual and official capacities.

50.    At the time of the commencement of this action, Defendant JOHN DOES 51-100 were and are at relevant times managers, loss prevention personal, qualifying officers, loss prevention managers, store directors, cashiers and other employees.  These Defendants are sued in their individual and official capacities.

51.     That at all times relevant to the allegations contained herein, Defendants TOYS "R" US and METRO ONE are vicariously and directly liable for the acts and/or omissions of his trustees, agents, servants and/or employees including Defendants DEBLASSI, FERNANDEZ, NIEVES, BERNARD RICKETSON, ETIENNE, MCMAHON and other employees of Defendants TOYS "R" US and METRO ONE, whose identities are currently unknown at this time.

52.     That at all times relevant to the allegations contained herein, Defendants DEBLASSI, FERNANDEZ, NIEVES, RICKETSON, ETIENNE,  MCMAHON and other employees of Defendants TOYS "R" US and METRO ONE whose identities are currently unknown, are vicariously and directly liable for the acts and/or omissions of Defendants TOYS "R" US and METRO ONE.

## **ALLEGATIONS AS TO THE FACTS**

### A.    **The Illegal Seizure, Search and Arrest of Plaintiff Drayton**

53.    On July 10, 2006 Plaintiff DRAYTON, her three grandsons (ages 18 months, three years of age and four years of age) and their mother, one Ms. Nancy Soltren, all shopped at a TOYS "R" US store located at 970 White Plains Road, Bronx, New York between the hours of 5:00 PM to 6:30 PM. Plaintiff DRAYTON and her family shopped Toys "R' Us on July 10, 2006 to permit her three year old grandson to pick out birthday presents for his birthday, which is July 10.

54.    After Plaintiff DRAYTON'S grandson selected items for his birthday presents and Plaintiff DRAYTON selected diapers and other goods to purchase. Plaintiff DRAYTON and her family went to the cashier and paid for all the items selected. At approximately

6:05 p.m. Plaintiff DRAYTON paid a TOYS "R" US Cashier, one Ms. Mavis Brown cash in the sum $63.95 in U.S. dollars.

55.    After Ms. Brown handed Plaintiff DRAYTON her sales receipt, Plaintiff DRAYTON and her family began to depart Defendant TOYS "R" US' store. Plaintiff DRAYTON and Ms. Soltren walked towards the exit doors side by side. Because Plaintiff Drayton had her three year old and four year old grandson, Plaintiff Drayton asked Ms. Solren to walk ahead of her.

56.    Ms. Soltren with her 18 month old son in his stroller and with TOYS "R" US shopping bags walked of Defendant TOYS "R" US' store without being stopped, or asked by TOYS "R" US' and METRO ONE'S security guard at the door or any TOYS "R" US' Peace Officers, loss prevention employees, loss prevention sub-contractors, namely Metro One Loss Metro One's and its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees to present her sales receipt for inspection. Ms. Nancy Soltren is a very fair skinned Hispanic woman, who could be easily considered by others to be a Caucasian woman.

57.    A few steps, behind Ms. Nancy Soltren, Plaintiff DRAYTON attempted to exit the store. As Plaintiff DRAYTON neared TOYS "R" US' exit, a security guard, one Defendant ETIENNE or Defendant MCMAHON demanded that Plaintiff DRAYTON present her sales receipt for inspection as condition to exiting Toys "R" Us. Plaintiff Drayton declined to show her sales receipt.

58.    As Plaintiff DRAYTON attempted walk around Defendant ETIENNE or Defendant

MCMAHON, blocked her forward progress by standing in front of her shopping cart. At no time did Defendant ETIENNE or Defendant MCMAHON accused Plaintiff DRAYTON of shoplifting or inform Plaintiff DRAYTON that she was suspected of shoplifting.

59.    Defendant ETIENNE or Defendant MCMAHON without probable cause, or any legal justification asked Plaintiff DRAYTON, why she refused to show her sales, Plaintiff DRAYTON advised Defendant Etienne or Defendant McMahon that showing her sales receipt was an inconvenience for Plaintiff Drayton to search her bags while keeping a watchful eye on two of her grandsons. Plaintiff Drayton also advised defendant Etienne or Defendant McMahon that she was in a rush and had no time to search for her sales receipt, because she was rushing to get home to start my grandson's birthday party. Guests for Plaintiff DRAYTON'S grandson's birthday party were awaiting at Plaintiff DRAYTON home.

60.    Defendant ETIENNE or Defendant MCMAHON while detaining Plaintiff DRAYTON without her consent or advising her that she was accused of or suspected of shoplifting called Mavis Brown (Cashier) over to the exit doors to verify if Plaintiff DRAYTON had made a purchase, although Plaintiff DRAYTON was never accused or suspected of shoplifting.

61.    Ms. Brown indicated that Plaintiff DRAYTON had made a purchase. Defendant ETIENNE or Defendant MCMAHON through a walkie-talkie and asked Defendant ETIENNE or Defendant MCMAHON for further instructions. After approximately 15 to 20 minutes Defendant ETIENNE or Defendant MCMAHON contacted Defendant ETIENNE or Defendant MCMAHON and gave instruction to release Plaintiff DRAYTON and her family.

62.   Plaintiff DRAYTON and her family were released from the unlawful confinement of Defendant ETIENNE or Defendant MCMAHON. Outside of the subject TOYS "R" US' store, a male white was angry and commented to Plaintiff DRAYTON that he did not like how the guard had treated Plaintiff Drayton and "sons" because he was not asked to present his receipt when exited Toys "R" Us.

63.   Plaintiff DRAYTON was stressed out and embarrassed throughout the whole oppressive horrible ordeal of being treated like a common thief. Plaintiff DRAYTON is a local owner of a private day care center. Many parents, friends, family and personnel from city and state agencies that issue Plaintiff DRAYTON'S licenses to run her day care frequent TOYS "R" US and witnessed or heard about Plaintiff DRAYTON being detained and blocked from leaving Toys "R" Us with security/police like walkie-talkie loudly blaring chatter throughout the air.

64.   Plaintiff DRAYTON'S day care business has declined since the July 10, 2006 incident, as fewer parents have sought Plaintiff DRAYTON'S day care services. This decline is due to the unlawful detainment of Plaintiff DRAYTON by Defendant ETIENNE or Defendant MCMAHON and Defendants TOYS "R" US' and METRO ONE'S policies.

65.   Had Plaintiff DRAYTON been a Caucasian woman, Plaintiff DRAYTON would not have been discriminated against, treated by a vile racist receipt verification policy, held against her will and would have been permitted to leave TOYS "R" US without question and a demand to show her sales receipt, just Ms. Soltren was permitted to exit without incident.  Ms. Soltren who is highly fair skinned can pass a Caucasian woman, was permitted to exit with being asked to show her sales receipt.

66.   Plaintiff DRAYTON has been a victim of Defendants TOYS "R" US' and METRO ONE'S policies while shopping at a TOYS "R" US store in the State of New York. Plaintiff DRAYTON is and always has been a person and a citizen of the United States and the State of New York within the meaning of the constitutions of the United States and the State New York. As explained below, Plaintiff DRAYTON has been injured and risks further harm as a result of the Defendants TOYS "R" US' and METRO ONE'S illegal acts and omissions. Plaintiff DRAYTON seeks to represent a class of individuals described below.

**B.    The Interference with the Future Right   to**
**      Purchase Personal Property at Toys "R" Us**

67.   In or about August 2006, Plaintiff KIRK purchased items for her daughter, which was paid by her American Express card, at the Toys "R" Us store situated at 970 White Plains Road, Bronx, New York 10473.

68.    As Plaintiff KIRK exited TOYS "R" US, without probable cause, or any legal justification a TOYS "R" US'S or METRO ONE'S loss prevention employees, loss prevention sub-contractors, Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees, demanded that Plaintiff KIRK present her sales receipt before as a condition prior to exiting the TOYS "R" US store.

69.   Said TOYS "R" US or METRO ONE loss prevention employees, loss prevention sub-contractors, its Peace Officers, store detectives and undercover operatives, security

employees, agents, servants, trustees, licensees and/or employees, is described as a white male of European descent or white male of Hispanic lineage.

70.    Plaintiff KIRK, declined to show her sales receipt, and commented to the afore-mentioned loss prevention employees, loss prevention sub-contractors, Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees, that she has shopped at TOYS "R" US stores Pennsylvania, New Jersey and New York and has never been asked to show her sales receipt at these stores and that Toys "R" Us in Bronx are only asking to see sales receipts because the store is located in black and heavily immigrant populated neighborhood.

71.    The TOYS "R" US and/or METRO ONE' Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees, advised here that TOYS "R' US' policy requires that she show her receipt to him prior to exiting the store.

72.    As Plaintiff KIRK exited the store and in response to declining to show her sales receipt, the TOYS "R" US' and METRO ONE'S Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees, told her that if she didn't like the policy she doesn't have to shop here anymore and in fact banned her from shopping at the Toys "R" Us.

**C.**    **The Effects of the Defendants Toys' "R" Us and Metro One's**
         **Policy on Black Shoppers Exiting Defendant Toys "R" Us' stores**

73.    These acts racial discrimination, illegal assaults, batteries, arrests, seizure, searches, and detentions traumatize of black shoppers.

74.    Black shoppers who are illegally arrested suffer humiliation and degradation when they are stopped, detained, hauled away and prohibited from exiting TOYS "R" US' stores in front of their friends, family, or neighbors. The stigma of being illegally arrested can follow an arrestee for years, in part because those who know Black shoppers that are illegally detained are unlikely to forget the sight of blacks shoppers stopped, seized. Search, detained and interrogated.  The detainment, seizures and searches are performed in public view to shoppers who live in the community.

## CLASS ALLEGATIONS

75.    The class which Plaintiffs seek to represent consists of all African Americans, whom after making purchases at TOYS "R" US' stores throughout the United States, were racially discriminated against and without probable cause or reasonable grounds stopped, seized, detained, interrogated, assaulted, battered and compelled to present their sales receipt for verification of their in violation of the Fourth, and Fourteenth Amendment of the United States Constitution, Tile 42 U.S.C. § 1981 *et. seq.*, Tile 42 U.S.C. § 1982 *et. seq.*, Tile 42 U.S.C. § 1983 *et. seq.*, Tile 42 U.S.C. § 1985 *et. seq.*, Tile 42 U.S.C. § 1986 *et. seq.*, Article I Section 11 and Article I Section 12 of the New York State Constitution, New York Executive Law § 296, New York Civil Rights Law § 40 and laws of other states of the United States.

76.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs move the

Court to declare and certify a class of individuals, as described below:

77.    The class is composed of Blacks who:

>    (1)  without probable cause or legal justification were and are required by
>    Defendant TOYS "R" US' and METRO ONE'S polces to show their sales
>    receipts as a condition  of exiting TOYS "R" US' stores Peace Officers,
>    store   detectives and undercover operatives, security employees,
>    agents, servants, trustees, licensees and/or employees,  employed by
>    Defendants TOYS "R" US and METRO ONE, whereas white shoppers
>    exiting the same TOYS "R" US' stores are not required to show their sales
>    receipts as a condition to exit the same TOYS "R" US' stores; and

>    (2)  shop at TOYS "R" US' stores situated in zip  codes/communities having
>    a higher population of Blacks than whites, wherein with without probable
>    cause or legal justification were and are required by Defendant TOYS "R"
>    US' and METRO ONE'S policies to show their sales  receipts as a condition
>    of exiting TOYS "R" US' stores to Peace Officers, store detectives and
>    undercover operatives, security employees, agents, servants, trustees,
>    licensees  and/or employees, employed by Defendants TOYS "R" US and
>    METRO ONE at TOYS "R" US' stores, compared to OY R" US' stores
>    situated in zip codes/communities        with a higher population of whites
>    than blacks, wherein a ecurity guard/exit greeter is not stationed and such
>    polces to check sales receipts of customers exiting TOYS        "R"  US  is
>    not practiced.

78.    The class is so numerous that joinder of all members would be impracticable.

More than tens of thousands Black shoppers at TOYS "R" US' stores daily and are

subject to Defendant TOYS "R" US' and METRO ONE'S discriminatory asset protection

and loss prevention policies. Joinder of tens of thousands of class members would be

impracticable.

79.     Numerous questions of law and fact are common to the class, including the

following:

a.  Whether Defendants TOYS "R" US' and METRO ONE'S have a
policy  and  practice  of  falsely  arresting  and  detaining  Black  shoppers  without

probable cause or legal justification to inspect their as a condition to exit TOYS "R" US' stores, wherein whites shoppers are not subjected to the same treatment;

b.   Whether Defendants TOYS "R" US' and METRO ONE'S receipt verification policies and practice violates the Fourth and Fourteenth Amendments to the United States Constitution, and Article I § 11 of the New York State Constitution;

c.   Whether Defendants TOYS "R" US' and METRO ONE'S receipt verification policies and practice violates General Business Law § 218;

d.    Whether General Business Law § 218 is unconstitutional on its face and application;

e.   Whether defendants TOYS "R" US and METRO ONE without probable cause or legal justification have a policy and practice of setting up receipt inspection check points at exit doors of TOYS "R" US' stores situated in communities where the majority of the population is Black, as oppose to not having a policy and practice of setting up receipt inspection check points at exit doors of TOYS "R" US' stores situated in communities where the majority of the population is white;

f.   Whether Defendants TOYS "R" US' and METRO ONE'S receipt verification policies and practice violates the Fourth and Fourteenth Amendments to the U.S. Constitution, and Article I § 11 and Article I § 12 of the New York State Constitution;

g.   Whether defendants TOYS "R" US' and METRO ONE'S policy and practice to use peace officers to and employees to detain black shoppers without probable cause or legal justification to inspect their as a condition to exit TOYS "R" US stores, wherein whites shoppers are not subjected to the same treatment;

h.    Whether General Business Law § 218 is unconstitutional because said law permits the arresting person [merchant/merchant's employee] to be his/her own judge as to what constitutes probable cause in violation of the United States and State of New York Constitution;

i.   Whether General Business Law § 218 is unconstitutional as vague and indefinite in granting immunity against damages for abuse and injuries caused by a merchant, a merchant's employee or a peace officer working in behalf of the merchant.

j.   Whether General Business Law § 218 is unconstitutional as vague and indefinite as said law does prescribe a test of "reasonable" manner or a "reasonable" length of time to detain.

80.  The claims of the individual Plaintiffs are typical of the claims of the class. Each of the individual Plaintiffs was:

> (1) without probable cause or legal justification stopped,  detained and prohibited from exiting TOYS "R" US store  without having to first show their sales receipt to a  TOYS "R" US' or METRO ONE'S loss prevention employees, loss prevention sub-contractors, its Peace Officers,  store detectives and undercover operatives, security      employees,   agents,   servants,   trustees,   licensees   and/or employees, although there is no question to ownership of  merchandise duly purchased, wherein white shoppers        exiting  the  same  store  were  not stopped, detained and exit was not conditionally based upon showing a sales receipt; and

> (2) shopping at a TOYS "R" US' store in a community where the majority of the population is white where no security  guard or exit greeter is stationed at the exit doors  demanding  to  inspect  sales  receipt  of  exiting  customers,  which  is  in contrast to shopping at a TOYS "R" US' store  situated in communities where the majority of the population is Black and sales receipt of exiting customers  are demanded for inspection.

81.   The individual Plaintiffs will fairly and adequately protect the interests of the members of the class and have retained counsel who is competent and experienced in complex class action and civil rights litigation. The Plaintiffs have no interests that are contrary to or that conflict with those of the class.

82.   Defendants TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, ETIENNE and MCMAHON have acted or refused to act on grounds that are generally applicable  to  the  class,  thereby  making  appropriate  final  injunctive  relief  or corresponding declaratory relief with respect to the class as a whole.

83.   The Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a class action, and the class action

is superior to any other available means to resolve the issues raised on behalf of the class.

## CLAIMS FOR RELIEF

### AS AND FOR THE FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS UNDER 42 U.S.C. § 1981 *et. seq.*

84.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "83" with the same full force and effect as if fully set forth herein at length.

85.    This Count is brought by the individual Plaintiffs Drayton, Kirk, and the class members against all named defendants herein.

86.    *Under 42 U.S.C. § 1981(a), "all persons . . . shall have the        same   right . . . to make and enforce contracts ... and to  the  full and equal benefit of all laws and proceedings for the  security of persons and property as is enjoyed by white citizens."*

87    The asset protection and loss prevention polices of Defendant TOYS "R" US and METRO ONE require the:

> (1) checking sales receipts of all Black customers exiting TOYS "R" US' stores,  but not of white customers in which the  receipt verification policy is in place at TOYS "R' US stores located neighborhoods that have a predominantly Black and  white population; and

> (2) having receipt verification policies in disproportionate    TOYS   "R'   US' locations in TOYS "R" US stores located in communities with high population of Blacks than whites and conduct, wherein the same receipt verification policy is not in place at TOYS "R' US' stores located in communities where there is a higher population of whites, that Blacks, in subjecting Blacks to excessive scrutiny has interfered with their ability to contract with Defendant

TOYS "R" US and has deprived them of the full and equal benefits of laws and proceedings. Defendant TOYS "R" US has failed to monitor its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees adequately, and therefore is responsible for their conduct. Defendant TOYS "R" US and METRO ONE has thereby violated, and continues to violate, 42 U.S.C. § 1981.

88.    This disproportionate rate of checking sales receipts of Black shoppers, in disproportionate levels as compared to whites shoppers cannot be explained by measurable factors other than race. Defendant TOYS "R" US has not adequately monitored the conduct of its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees, and therefore is legally responsible for their actions. The asset protection and loss prevention polices of Defendants TOYS "R" US and METRO ONE has caused Blacks across the United States irreparable harm.

89.    The conduct of Defendants TOYS "R" US' and METRO ONE'S  and  Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees in subjecting innocent Blacks to excessive scrutiny has interfered with their ability to contract with Defendant TOYS "R" US.

90.    The conduct of Defendants TOYS "R" US' and METRO ONE'S  and  Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees in subjecting Blacks to excessive scrutiny has deprived Plaintiffs of the full and equal benefits of laws and proceedings.

Defendant TOYS "R" US has failed to monitor its security employees adequately and therefore is responsible for their conduct. Defendants TOYS "R" US and METRO ONE has thereby violated, and continues to violate, 42 U.S.C. § 1981.

91.    This policy has a disparate impact on Plaintiffs and innocent Black customers, and subjected innocent Black shoppers including Plaintiffs to disparate treatment, because most shoppers in these stores (and by extension, most detainees) are African American. This policy cannot be justified because Defendant TOYS "R" US and METRO ONE instead should request to check sales receipt of person that are suspected or accused of unlawfully shoplifting TOYS "R" US' merchandise.

92.    That the discrimination complained of herein was unwelcome.

93.    That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown RICKETSON, ETIENNE, and MCMAHON FOR CIVIL RIGHTS VIOLATIONS ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown**

94.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "93" with the same full force and effect as if fully set forth herein at length.

95.    This Count is brought by the individual Plaintiffs Drayton, Kirk, and the class members against all named defendants herein.

96.    *Under 42 U.S.C. § 1982, "all citizens . . . are entitled to         the same right . . . as is enjoyed by white citizens . . . to   purchase . . . personal property."*

97.    By its acts and omissions as aforesaid, Defendants TOYS "R" US and METRO ONE, either directly or through their agents, servants, trustees and/or employees unlawfully discriminated against Plaintiff DRAYTON, KIRK and class members. The conduct of Defendant TOYS "R" US' and METRO ONE'S Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees prevention personnel and employees in subjecting innocent Blacks to excessive scrutiny has interfered with their ability to purchase TOYS "R" US' property which is sold to the general public.

98.    Defendant TOYS "R" US and METRO ONE have failed to monitor their and its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees adequately, and therefore are responsible for their conduct.

99.    Defendant TOYS "R" US and METRO ONE have thereby violated, and continues to violate, 42 U.S.C. § 1982 *et. al.*

100.    That the discrimination complained of herein was unwelcome.

101.    That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE THREE CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown RICKETSON, ETIENNE, and MCMAHON FOR CIVIL RIGHTS VIOLATIONS UNDER TITLE 42 U.S.C. § 1983 FOURTH AND FOURTEENTH AMENDMENTS VIOLATION: OFFICIAL CAPACITY**

102.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "101" with the same full force and effect as if fully set forth herein at length.

103.    This Count is brought by the individual Plaintiffs Drayton, Kirk, and the class members against all named defendants herein.

104.    Under 42 U.S.C. § 1983 in pertinent part:

> *"Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".*

105.    The Defendants violated or caused the violation of the constitutional rights of the individual Plaintiffs and of the class members.

106.    By its acts and omissions as aforesaid, Defendants TOYS "R" US and METRO ONE, either directly or through their agents, servants, trustees and/or employees unlawfully discriminated against Plaintiff DRAYTON, KIRK and class members. Defendant ETIENNE, a Peace Officer and Defendant MCMAHON a Special Patrolman/Peace Officer directly violated Plaintiff DRAYTON'S constitutional rights by the denial of her Fourth Amendment Right to be free from unreasonable searches and seizures; and Fourteenth Amendment Right to Equal Protection of the law by racial

discriminating falsely arresting, falsely imprisoning, and unlawfully detaining her without probable cause and under an illegal pattern and practice of racial profiling.

107.    Defendant DOES 1-100 some of which are Peace Officers/Special Patrolmen have directly violated the fundamental Constitutional Rights of the individual Plaintiffs and class members Fourth Amendment Right to be free from unreasonable searches and seizures; and Fourteenth Amendment Right to Equal Protection of the law by racial discriminating falsely arresting, falsely imprisoning, and unlawfully detaining them without probable cause and under an illegal pattern and practice of racial profiling.

108.    The law is clearly established now and was clearly established at the time of their actions that the conduct, patterns, and practices of the Defendants TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NEIVES, APONTE, RICKETSON, ETIENNE and MCMAHON violated the Fourth and Fourteenth Amendments of the United States Constitution.

109.    The acts of Defendant as described herein were taken under color of state law, custom, or usage.

110.    The acts of Defendant as described herein were purposeful and arise from an official policy or custom.

111.    The Fourteenth Amendment of the United States Constitution guarantees that no state shall deprive any person of liberty without due process of law.  The Fourth Amendment of the United States Constitution, applicable to the states under the Fourteenth Amendment, guarantees the right of the people to be secure in their persons, and to enjoy freedom from the fear of unreasonable searches and seizures.

112.    Defendants TOYS "R" US' and METRO ONE' policies to stop, seize, detain, arrest and demand the verification and inspection of innocent Black customers exiting TOYS "R" US' stores without probable cause and legal justification, on its face and as applied to Plaintiffs, has deprived Plaintiff DRAYTON'S, KIRK'S and class members' rights under the Fourth and Fourteenth Amendments of the United States Constitution by interfering with their fundamental rights to freedom from unreasonable searches and seizures without adequate justification.

113.    In violating Plaintiff DRAYTON'S, KIRK'S and class members' constitutional rights to freedom from unreasonable, unnecessary and thus, unlawful searches and seizures, Defendants named herein, have caused and continues to cause damage to Plaintiff DRAYTON, KIRK and class members, including, without limitation, racial discrimination, assault, battery, false arrest, false imprisonment, humiliation, emotional distress and anxiety.

114.    As an actual and proximate result of Defendants' conduct, patterns, and practices, Plaintiffs DRAYTON, KIRK and the class members suffered damages.

115.    In addition, because the conduct, patterns, and practices are ongoing, it is likely that Plaintiffs DRAYTON, KIRK and class members will suffer damages as an actual and proximate result of similar unconstitutional conduct, patterns, and practices in the future.

116.    That the discrimination complained of herein was unwelcome.

117.    That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE
ETIENNE and MCMAHON FOR CIVIL RIGHTS VIOLATIONS   UNDER U.S.C. § 1983
FOURTH AND FOURTEENTH AMENDMENT VIOLATION:  INDIVIDUAL CAPACITY**

118.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "110" with the same full force and effect as if fully set forth herein at length.

119.    This Count is brought by the individual Plaintiffs Drayton, Kirk, and the class members against all named defendants herein.

120.    The foregoing facts establish a basis for damages and ancillary relief against Defendant Bankhead in his individual capacity.

121.    The acts of Plaintiff DRAYTON'S, KIRK'S and class members' as described herein were taken under color of state law, custom, or usage.

122.    The acts of Defendant as described herein were purposeful and arise from an official policy or custom.

123.    The Fourteenth Amendment of the United States Constitution guarantees that no state shall deprive any person of liberty without due process of law.  The Fourth Amendment of the United States Constitution, applicable to the states under the Fourteenth Amendment, guarantees the right of the people (including public employees) to be secure in their persons, and to enjoy freedom from the fear of unreasonable searches and seizures.

124.    Defendants TOYS "R" US' and METRO ONE' policies to stop, seize, detain, arrest and demand the verification and inspection of innocent Black customers exiting TOYS "R" US' stores without probable cause and legal justification, on its face and as applied to Plaintiff, has deprived Plaintiff DRAYTON'S, KIRK'S and class members' rights under the Fourth and Fourteenth Amendments of the United States Constitution by interfering with their fundamental rights to freedom from unreasonable searches and seizures without adequate justification.

125.    Defendants ETIENNE and MCMAHON knew, or a reasonable official in Defendants DEBLASSI'S, NIEVES', FERNANDEZ'S APONTE'S and RICKETSON'S position would have known, that the acts of Defendants ETIENNE and MCMAHON as described herein, violated clearly established law.

126.    In violating Plaintiff's constitutional rights to freedom from unreasonable, unnecessary and thus, unlawful searches and seizures, Defendants named herein, have caused and continues to cause damage to Plaintiff DRAYTON'S, KIRK'S and class members', including, without limitation, stress and loss of enjoyment of life.

127.  The acts of Defendants were malicious, willful and wanton.

128.  That the discrimination complained of herein was unwelcome.

129.  That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE FIFTH CLAIM FOR RELIEF AGAINST DEFENDANTS
TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES,
ETIENNE, MCMAHON and other employees of TOYS "R" US and
METRO ONE, whose identities are currently unknown FOR CIVIL
RIGHTS VIOLATIONS UNDER Title 42 U.S.C. § 1983 (CONSPIRACY)**

130.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "129" with the same full force and effect as if fully set forth herein at length.

131.    This Count is brought by the individual Plaintiffs Drayton, KIRK, and the class members against all named defendants herein.

132.    By its acts and omissions as aforesaid, Defendants TOYS "R" US and METRO ONE either directly or through their agents, servants, trustees and/or employees unlawfully discriminated against Plaintiff DRAYTON, KIRK and class members. Defendants and each of them have entered into conspiracies with each other, at one time or another, to deprive one or more of Plaintiffs and class members either directly or indirectly, of his or her privileges and immunities under the laws, specifically Plaintiffs' civil rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

133.    The Constitutional violations committed by Defendants ETIENNE, a Peace Officer and MCMAHON, a Special Patrolmen/Peace Officer were part and parcel of Defendants TOYS "R" US' and METRO ONE'S policy to select Black shoppers at TOYS "R" US' stores for increased and unjustified scrutiny.

134.    Defendants ETIENNE'S and MCMAHON'S actions on July 10, 2006 to stop, seize, search and detain without probable cause or legal justification and compel Plaintiff DRAYTON to show her sales receipt as a condition to exit TOYS "R" US' store

were carried out at the direction of both Defendants TOYS "R" US and METRO ONE as pursuant to contracts between Defendants TOYS "R" US and METRO ONE, ETIENNE, and MCMAHON.

135.    Defendants TOYS "R" US' and METRO ONE'S contract mandated implementation and enforcement assets protection and sales receipt verification programs upon customers exiting TOYS "R" US' stores, whether said customers were innocent of any wrongdoing or suspected or accused of shoplifting. Defendants TOYS "R" US and METRO ONE through their asset protection and sales receipt inspection policies are the institutions which are the driving force behind the Constitutional violation visited upon Plaintiff DRAYTON, KIRK and other class members.

136.    Defendants TOYS "R" US and METRO ONE, private parties entered into an agreement with Defendants ETIENNE and MCMAHON, both of whom are state actors, to act in concert to inflict unconstitutional injuries upon Plaintiffs DRAYTON, KIRK and other class members, namely racial discrimination, an unreasonable searches and seizures, as well as false imprisonment, and false arrest. The warrantless stop of Plaintiff DRAYTON was based upon no probable cause, or legal justification.

137.    Defendants ETIENNE and MCMAHON physical detainment, and false arrest of Plaintiff DRAYTON was illegally conducted to establish probable cause that PLAINTIFF DRAYTON was suspected or accused of larceny of merchandise owned and sold by TOYS "R" US, without first witnessing or being given information that Plaintiff DRAYTON had in fact committed larceny, coupled with Defendants ETIENNE and MCMAHON questioning TOYS "R" US' cashier Mavis Brown, as to whether Defendant DRAYTON purchased item contained in her shopping bags all are overt acts done in

furtherance of the goal causing damages and unconstitutional injuries to Plaintiff DRAYTON and other class members are part of the "poisonous tree" of Defendants TOYS "R" US' and METRO ONE'S sales receipt verification policies and practices.

138.   Plaintiff DRAYTON who continues to shop at TOYS "R" US' stores, is repeatedly subjected to a continuous course of conduct of discrimination against her on the basis of her race and/or national

origin, as DEFENDANT TOYS "R" US and METRO ONE continue to enforce their racial discriminatory policy and practice of, stopping, seizing, detaining and demanding to verify the sales receipt of innocent African American shoppers exiting TOYS "R" US as a condition to exit TOYS "R" US' stores, despite the fact that said shoppers are not suspected, nor accused of committing larceny of TOYS "R" US' property/merchandise.

139.   That the discrimination complained of herein was unwelcome.

140.   That the discrimination complained of herein was of a racial nature.

### AS AND FOR THE SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS UNDER Title 42 U.S.C. § 1983 (SUPERVISOR LIABILITY)

141.    That plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "140" with the same full force and effect as if fully set forth herein at length.

142.   This Count is brought by the individual Plaintiffs Drayton, Kirk, and the class members against all named defendants herein.

143.    By virtue of Defendants ETIENNE and MCMAHON, being state actors and agreement to work for Defendants TOYS "R" US and METRO ONE, Defendants DEBLASSI, FERNANDEZ, NIEVES, APONTE and RICKETSON   are therefore "persons" within the meaning of 42 U.S.C. § 1983.

144.    By its acts and omissions as aforesaid, Defendants TOYS "R" US and METRO ONE, either directly or through their agents, servants, trustees and/or employees unlawfully violated or caused the violation of the SCOTT, WALKER, HIGH and class members.

145.    Defendants DEBLASSI, FERNANDEZ, NIEVES, APONTE AND RICKETSON, with deliberate indifference to Plaintiffs DRAYTON, KIRK, SCOTT, and class members legal rights, established, implemented, enforced, condoned, and failed to remedy the conduct, pattern, and practice of stopping, seizing, detaining and without probable cause of legal justification demanding the inspection and verification of sales receipts of Black shoppers exiting TOYS "R" US' stores and are not suspected, nor accused of shoplifting defendant TOYS "R" US' property.

146.    It was clearly established at the time of their actions that such conduct, patterns, and practices violated the Fourth and Fourteenth Amendments to the United States Constitution.

147.    Defendants DEBLASSI, FERNANDEZ, NIEVES, APONTE and RICKETSON, participated directly in the constitutional violations of Plaintiffs DRAYTON and class members.

148.    Defendants DEBLASSI, FERNANDEZ, NIEVES, APONTE and RICKETSON, after being informed that Defendant TOYS "R" US' sales receipt inspection policies was

discriminatory and were a proximate cause to physical injury, by way of the actions of Mpheleee vs. Toys, Index Nos. 49119/04 and 84032/04 (Bronx County Supreme Court); Bishop vs. Toys "R" Us *et al.*, 04 Civ. 9403 (U.S. District Court S.D.N.Y.) and other complaints failed to remedy the wrong,

148.     Defendants DEBLASSI, FERNANDEZ, NIEVES, APONTE and RICKETSON, created the sales receipt inspection/verification policy or custom under which unconstitutional practices that were visited on Plaintiffs DRAYTON, KIRK, and class members.

149.   Said defendants allowed the continuance of such a policy or custom after being given notice through the actions of Mpheleee vs. Toys, (Bronx County Supreme Court); Bishop vs. Toys "R" Us et al., 04 Civ. 9403 (U.S. District Court S.D.N.Y.) and other complaints made directly to Defendants TOYS "R" US and METRO ONE either directly or through their agents, servants, trustees and/or employees and managers.

150.     Defendants DEBLASSI, FERNANDEZ, NIEVES, APONTE AND RICKETSON, were grossly negligent in supervising subordinates who committed the wrongful acts visited upon Plaintiffs DRAYTON, KIRK and class members after receiving actual and constructive notice that Defendants TOYS "R" US' and METRO ONE'S receipt verification policies and practices where unconstitutional and discriminatory through the civil actions of the cases of Mpheleee vs. Toys, Index Nos. 49119/04 and 84032/04 (Bronx County Supreme Court); Bishop vs. Toys "R" Us *et al.*, 04 Civ. 9403 (U.S. District Court S.D.N.Y.) and through other complaints made directly to Defendants TOYS "R" US and METRO ONE either directly or through their agents, servants, trustees and/or employees and managers.

151.    Despite being given notice that its receipt verification policies and practices are unconstitutional and discriminatory, through gross negligence Defendants DEBLASSI, FERNANDEZ, NIEVES AND RICKETSON failed to remedy the wrong visited on Plaintiffs DRAYTON, KIRK, SCOTT, WALKER, HIGH and class members.

152.    Defendants DEBLASSI, FERNANDEZ, NIEVES, NIEVES and RICKETSON exhibited deliberate indifference to the rights of Plaintiffs DRAYTON, KIRK, SCOTT, WALKER, HIGH and class members by failing to act on information (e.g. cases of Mpheleee vs. Toys, Index Nos. 49119/04 and 84032/04 (Bronx County Supreme Court); Bishop vs. Toys "R" Us et al., 04 Civ. 9403 (U.S. District Court S.D.N.Y.)) and other complaints unconstitutional acts were occurring made directly to Defendants TOYS "R" US and METRO ONE either directly or through their agents, servants, trustees and/or employees and managers.

153.    That the discrimination complained of herein was unwelcome.

154.    That the discrimination complained of herein was of a racial nature.


**AS AND FOR THE SIXTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO   ONE whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS UNDER Title 42 U.S.C. § 1983 (MONELL LIABILITY-CORPORATION)**


155.    That plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "154" with the same full force and effect as if fully set forth herein at length.

156.    This Count is brought by the individual Plaintiffs Drayton, Kirk, and the class members against all named defendants herein.

157.    By its acts and omissions as aforesaid, Defendants TOYS "R" US and METRO ONE, either directly or through their agents, servants, trustees and/or employees unlawfully discriminated By virtue of Defendants ETIENNE and MCMAHON, being state actors and agreement to work for Defendants TOYS "R" US and METRO ONE, Defendants DEBLASSI, FERNANDEZ, NIEVES, APONTE and RICKETSON  are therefore "persons" within the meaning of 42 U.S.C. § 1983.

158.    By virtue racially profiling, racially discriminating, falsely arresting, false imprisoning, searching and detaining   Plaintiff DRAYTON, KIRK and other class members without sufficient cause, Defendant TOYS "R" US' and METRO ONE'S loss prevention employees, loss prevention sub-contractors, Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees engage in unreasonable searches and seizures in violation of the Fourth Amendment to the United States Constitution. Corporate liability for these violations of the Fourth Amendment rests upon two grounds.

> (1) Upon information and belief, Defendants ETIENNE, MCMAHON, and Defendants ETIENNE, MCMAHON, as well as Defendant TOYS "R"   US' and METRO ONE'S loss prevention employees, loss prevention  sub-contractors, namely Metro One Loss Metro One's and its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees in this case at all time relevant acted in a manner consistent with the policy, custom, and usage of Defendant Toys "R" Us and Metro One; and

> 2) Upon information and belief, there is a failure to train, supervise and discipline amounting to deliberate indifference to the constitutional rights of Plaintiffs Drayton, Kirk, Scott, Walker, High and class members where, as here,

corporate officials, Toys "R" Us' policymakers, DeBlassi, Metro One and Ricketson "know to a moral certainty" that Defendant Toys "R" Us' and Metro One's Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees will be called upon to encounter black shoppers exiting Toys "R' Us stores who lawfully decline to present their sales receipt for inspection are unlawfully without cause or legal justification stop, detain or arrest black shoppers; that such encounters present defendant Toys "R" Us' and Metro One's employees, managers, security guards, armed guards, loss prevention personnel and employees with difficult choices of the sort that proper training, supervision, and discipline will make less difficult; that there is a history of defendant Toys "R" Us' and Metro One's employees, managers, security guards, armed guards, loss prevention personnel and employees mishandling these situations; and that the wrong decision by defendant Toys "R" Us' and Metro One's employees, managers, security guards, armed guards, loss prevention personnel and employees will frequently cause the deprivation of constitutional rights.

159.   Under the "totality of circumstances," the conduct of the Defendant ETIENNE, MCMAHON, and Defendant TOYS "R" US' and METRO ONE'S and their Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees in racially profiling, racially discriminating, falsely arresting, falsely imprisoning, and detaining Plaintiff DRAYTON, KIRK and other class members amounts to a *prima facie* case of racial discrimination which, unless adequately rebutted by defendants, constitutes a violation of the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution.

160.   The circumstances giving rise to this claim include, *inter alia*, the fact that responsibility of Defendants ETIENNE, MCMAHON, and Defendant TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees to stop, detain, condition a means of egress and demand the inspection of sales receipts of innocent Black shoppers not accused or suspected of shoplifting is one that involves broad

discretionary decision making for Defendant ETIENNE, MCMAHON, and Defendant TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees.


161.   These particular encounters with innocent Black shoppers (e.g. stopping, seizing, searching and detaining without probable cause), at issue here, cannot be justified on the basis of deterring shoplifters, achieving low shrinkage rates, asset protection and achieving profit to  satisfy the "bottom line" for a corporate board's ledgers, prior to having reasonable grounds that innocent Black shoppers has in his or her possession concealed unpaid merchandise belonging to defendant TOYS "R' US.

162.   Corporate liability is based upon the fact that Defendants TOYS "R" US' and METRO ONE policymakers, Defendants DEBLASSI and RICKETSON knows  "to a moral certainty" that its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees    will encounter innocent Black shoppers who question why Defendant TOYS "R' US' receipt verification and inspection policies are not implemented at TOYS "R' US' store located in white neighborhoods or why must their sales receipt be inspected and verified after Black shoppers have stood on long lines to purchase items they selected for an half hour or more, only to have to wait in a second unnecessary and warranted line to have their sales receipts inspected and verified without probable cause to conduct such an inspection and verification, whereas white are not subjected to the bias treatment.

163.    Defendants TOYS "R" US' and METRO ONE'S policymakers, DEBLASSI and RICKETSON knows "to a moral certainty" that its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees will confront close situations as to whether there is a justifiable basis to stop, seize, search, detain and compel Black shoppers to their sales receipts for inspection and verification as a condition to exit TOYS "R" US' stores.

164.    That in the exercise of such discretionary decisions, Defendant TOYS "R" US' and METRO ONE'S Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees managers, security guards, armed guards, loss prevention personnel and employees act upon their individual experience, instincts and attitudes -- including their personal prejudices; that there is a history within in Defendant TOYS "R" US' and METRO ONE'S Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees discriminating on the basis of race and/or nation origin, mishandling receipt verification and inspection encounters and of falsely arresting, seizing, searching, assaulting, battery, and detaining innocent Blacks shoppers. That such situations present difficult choices of the sort that training, supervision, and discipline will make less difficult. That discretionary decisions of Defendant TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees that are grounded in racial prejudice will amount to a denial of equal protection of the law.

165.    Such encounters present Defendant TOYS "R" US' and METRO ONE'S and its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees with difficult choices of the sort that proper training, supervision, and discipline will make less difficult; that there is a history of Defendants Toys "R" US' and METRO ONE'S Defendant TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees mishandling these situations; and that the wrong decision by Defendant TOYS "R" US' and METRO ONE'S employees, Defendant TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees will frequently cause the deprivation of constitutional rights.

166.    That the discrimination complained of herein was unwelcome.

167.    That the discrimination complained of herein was of a racial nature.


**AS AND FOR THE SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS UNDER Title 42 U.S.C. § 1983 (Right to Travel)**

168.    That plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "167" with the same full force and effect as if fully set forth herein at length.

169.    This Count is brought by the individual Plaintiffs Drayton, Kirk, and the class members against all named defendants herein.

170.    By its acts and omissions as aforesaid, Defendants ,either directly or through their agents, servants, trustees and/or employees unlawfully discriminated By virtue of Defendants ETIENNE and MCMAHON, being state actors and agreement to work for Defendants TOYS "R" US and METRO ONE. Defendants DEBLASSI, FERNANDEZ, NIEVES and RICKETSON  are therefore "persons" within the meaning of 42 U.S.C. § 1983.

171.    Defendants TOYS "R" US and METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE and RICKETSON violated Plaintiffs DRAYTON, KIRK and the class members right to travel in and to places of public accommodation as protected by the United States Constitution causing injuries and damages to Plaintiffs DRAYTON, KIRK and the class members and, pursuant to Title 42 U.S.C §1983, are liable to them in an amount that would fairly compensate them for said injuries.

172.   That the discrimination complained of herein was unwelcome.

173.   That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS UNDER Title 42 U.S.C. § 1985 *et. seq*.**

174.    That plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "173" with the same full force and effect as if fully set forth herein at length.

175.    This Count is brought by the individual Plaintiffs DRAYTON, KIRK, and the class members against all named defendants herein.

176.    Under 42 U.S.C. § 1985(3):

*" if two or more persons . . . conspire . . . for the purposes depriving any person or class of persons of the equal rotection of the laws, or of equal privileges and immunities under the laws. . ., the party so injured or deprived may have  an action for the recovery of damages occasioned by such   injury or deprivation, against any one or more if the conspirators"*

177.    By its acts and omissions as aforesaid, Defendants TOYS "R" US an METRO ONE, either directly or through their agents, servants, trustees and/or employees unlawfully discriminated against Plaintiff DRAYTON, KIRK and class members base upon their African ancestry.

178.    Defendants and each of them have entered into conspiracies with each other, at one time or another, to deprive one or more of Plaintiffs DRAYTON, KIRK and class members either directly or indirectly, of his or her privileges and immunities under the laws, specifically Plaintiffs' civil rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution.

179.    That Defendants have committed acts in furtherance of their conspiracy which include: (1) hiring Peace Officers to physically intimidate innocent Blacks shoppers, Plaintiffs DRAYTON, KIRK and class members through a show of authority; (2) to make warrantless arrest; (2) protect Defendant Toys "R" Us' assets at the expense of Plaintiffs DRAYTON, KIRK and class members fundamental Civil Rights; and (4) enforce Defendant Toys "R" Us receipt inspection policies the fear of the antebellum day of slavery, the Black Codes and Jim Crow.

180.    Plaintiffs DRAYTON, KIRK and class members have been injured by being deprived of their rights and privileges as citizens of the United States of America, and have been damaged as a result thereof.

181.    That the discrimination complained of herein was unwelcome.

182.    That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE NINTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS UNDER Title 42 U.S.C. § 1986 *et. seq.***

183.    That plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "182" with the same full force and effect as if fully set forth herein at length.

184.    This Count is brought by the individual Plaintiffs DRAYTON, KIRK, and the class members against all named defendants herein.

185.    Under 42 U.S.C. § 1986 *et. seq.* reads in relevant part:

*"Every person who, having knowledge that any of the wrongs conspired  to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or  refuses so to do, if such wrongful act be committed, shall be  liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by  reasonable diligence could have prevented; and such damages  may  be  recovered in an action on the case"*

186.    By its acts and omissions as aforesaid, Defendants TOYS "R" US and METRO ONE either directly or through their agents, servants, trustees and/or employees

unlawfully discriminated Defendants, particularly TOYS "R" US, METRO ONE, ETIENNE, DEBLASSI and RICKETSON, have known that the misuse and misapplication General Business Law § 218 and Defendant TOYS "R" US' and Metro One's asset protection and receipt inspection polices that unlawfully stopped, detained and compelled Plaintiffs DRAYTON, KIRK, and the class members to present their sales receipts for inspection because of their race of being African Americans without probable cause or legal justification.

187.    Plaintiffs DRAYTON, KIRK, and the class members in fact had not committed larceny of Defendant TOYS "R" US' property. Defendant TOYS "R" US and METRO ONE deprive Plaintiffs DRAYTON, KIRK, and the class members, either directly or indirectly, of their privileges and immunities under the laws, specifically Plaintiffs' Civil Rights guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, and have had the power to prevent or aid in preventing said enforcement of Defendant TOYS "R" US' and METRO ONE'S protection and receipt inspection polices against Plaintiffs, but have neglected or refused to do so.

188.    Defendants TOYS "R" US' and METRO ONE'S have grossly negligently misused and misapplied General Business Law § 218 in creation and implementation of Defendant TOYS "R" US' and METRO ONE'S asset protection and receipt inspection polices against Plaintiffs DRAYTON, and the class members because of their race of being African American and have deprived them, either directly or indirectly, of their privileges and immunities under the laws, specifically Plaintiffs' civil rights guaranteed by the First, Fourth and Fourteenth Amendments of the United States Constitution, and

Plaintiffs DRAYTON, KIRK, SCOTT, HIGH and WALKER and the class members have been injured as a result thereof.

189.  In arresting, searching and detaining Plaintiffs DRAYTON, KIRK, and the class members without sufficient cause, Defendant TOYS "R" US' and METRO their Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees with difficult choices of the sort that proper training, supervision, engaged in unreasonable searches and seizures in violation of Article I Section 12 of the New York Constitution.

190.    Corporate liability for these violations of the State Constitution rest upon principles of *respondeat superior*.

191.  That the discrimination complained of herein was unwelcome.

192.  That the discrimination complained of herein was of a racial nature.

## PENDANT CLAIMS

**AS AND FOR THE TENTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS of ARTICLE I § 11 OF THE NEW YORK STATE CONSTITUTION**

193.    That plaintiffs repeats, reiterates and realleges each and every allegation contained in those paragraphs of the complaint designated as "1" through "192" with the same full force and effect as if fully set forth herein at length.

194.    This Count is brought by the individual Plaintiffs DRAYTON, KIRK, and the class members against all named defendants herein.

195.    Under the "totality of circumstances" Defendants TOYS "R" US and METRO ONE either directly or through their agents, servants, trustees and/or employees unlawfully discriminated based upon race. Defendants behavior in arresting, searching and detaining Plaintiffs DRAYTON, KIRK, and the class members amounts to a *prima facie* case of racial discrimination which, unless adequately rebutted by Defendants, constitutes a violation of the Equal Protection Clause of Article I Section 11 of the New York Constitution.

196.    The circumstances giving rise to this claim include, *inter alia*, such encounters present Defendant TOYS "R" US' and METRO ONE'S and their Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees with difficult choices of the sort that proper training, supervision, and discipline will make less difficult; that there is a history of Defendants TOYS "R" US' and METRO ONE'S Defendant TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees mishandling these situations; and that the wrong decision by Defendant TOYS "R" US' and METRO ONE'S and its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees will frequently cause the deprivation of constitutional rights. Corporate liability rests further upon principles of *respondeat superior*.

197.   That the discrimination complained of herein was unwelcome.

198.   That the discrimination complained of herein was of a racial nature.


**AS AND FOR THE ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS RIGHT TO TRAVEL UNDER THE NEW YORK STATE CONSTITUTION**

199.    That plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "198" with the same full force and effect as if fully set forth herein at length.

200.    This Count is brought by the individual Plaintiffs DRAYTON, KIRK, and the class members against all named defendants herein.


201.   Defendants violated  Plaintiffs DRAYTON'S, KIRK'S and the class members' right to travel in and to places of public accommodation as protected by the New York State Constitution causing injuries and damages to DRAYTON, KIRK and the class members and are liable to them in an amount that would fairly compensate him for said injuries.

192.   That the discrimination complained of herein was unwelcome.

202.   That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE TWELVETH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS: CIVIL BANISHMENT**

203.    That Plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "203" with the same full force and effect as if fully set forth herein at length.

204.    This Count is brought by the individual Plaintiff KIRK, and the class members against all named defendants herein.

205.    Defendants TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees on November 2006 illegally banned Plaintiff KIRK and at other times class members without cause from shopping Defendant TOYS "R" US' store located at 970 White Plains Road, Bronx, New York 10473 and at other Defendant TOYS "R" US' stores.

206.    Said banishment of shopping at Defendant TOYS "R" US' stores was in response to Plaintiff KIRK'S and class members' lawful right to decline to have their sales receipts inspected and verified, Defendants TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees, who said defendants had no probable cause or justification in the first place to demand to verify and inspect the sales receipts of Plaintiff KIRK and class members.

207.    Defendants' actions constituted a Civil Banishment causing injuries and damages to Plaintiff KIRK'S and class members' and they are liable to them in an amount that would fairly compensate them for said injuries.

208.    That the discrimination complained of herein was unwelcome.

209.   That the discrimination complained of herein was of a racial nature.


**AS AND FOR THE THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS under NEW YORK EXECUTIVE LAW § 296**

210.    That Plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "209" with the same full force and effect as if fully set forth herein at length.

211.    This Count is brought by the individual Plaintiffs DRAYTON, KIRK, the class members against all named defendants herein.

212    Under New York Executive Law § 296(2)(a), places of public accommodation cannot deny any of the "accommodations, advantages, facilities or privileges thereof' based on a person's race or national origin.

213   New York Executive Law § 292(9) defines the places of public accommodation to which section 296(2)(a) applies to include "retail stores and establishments" such as Defendant TOYS "R" US' stores.

214.    The conduct of Defendants TOYS "R" US' and METRO ONE'S and its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees in subjecting innocent Blacks shoppers to excessive scrutiny has denied them the privileges of a place of public accommodation based on their race and/or national origin.

215.    In certain stores, Defendants Toys "R" Us' and Metro One's asset protection and receipt inspection policies have had a disparate impact on innocent Black customers and have subjected innocent Black shoppers to disparate treatment.

216.    In numerous TOYS "R" US stores, Defendants TOYS "R" US' and METRO ONE'S and its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees have discriminated against innocent Black customers.

217.    Defendants TOYS "R" US and METRO ONE have failed to monitor its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees adequately, and therefore are responsible for their conduct.

218.    Defendants TOYS "R" US' and METRO ONE'S and its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees has thereby violated, and continues to violate New York Executive Law §296.

219.    That the discrimination complained of herein was unwelcome.

220.    That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR CIVIL RIGHTS VIOLATIONS under New York CIVIL RIGHTS LAW § 40**

221.    That Plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "222" with the same full force and effect as if fully set forth herein at length.

222.    This Count is brought by the individual Plaintiffs DRAYTON, KIRK, the class members against all named defendants herein.

223.    Under New York Civil Rights Law § 40, places of public accommodation cannot "withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof' based on a person's race or national origin.

224.    N.Y. Civil Rights Law § 40 defines places of public accommodation to include "retail stores and establishments" such as Defendant TOYS "R" US' stores.

225.    The conduct of Defendants TOYS "R" US' and METRO ONE'S Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees in subjecting innocent Blacks shoppers to excessive scrutiny has denied them the privileges of a place of public accommodation based on their race and/or national origin.

226.  At certain stores, Defendants TOYS "R" US' and METRO ONE'S asset protection and receipt inspection policies have had a disparate impact on innocent black customers, and have subjected innocent Black shoppers to disparate treatment.

227.    In numerous TOYS "R" US stores, Defendants TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees have discriminated against Black customers.

228.    Defendants TOYS "R" US and METRO ONE have failed to monitor its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees adequately and therefore are responsible for their conduct.

229.    Defendants TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees have thereby violated New York Civil Rights Law § 40.

230.   That the discrimination complained of herein was unwelcome.

231.   That the discrimination complained of herein was of a racial nature.

**AS AND FOR THE FIFTHTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE ETIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown FOR NEGLIGENT HIRING and RETENTION**

232.    That plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "231" with the same full force and effect as if fully set forth herein at length.

233.    This Count is brought by the individual Plaintiffs DRAYTON, KIRK, andthe class members against all named defendants herein.

234.    That the Defendant TOYS "R" US did employ and continue to employ Defendants DEBLASSI, NIEVES, FERNANDEZ, APONTE and other employees of Defendant TOYS "R" US, and Defendant METRO ONE did employ and continue to employ Defendants RICKETSON, ETIENNE, MCMAHON and other employees whose identities are currently unknown, despite its actual knowledge of the racist attitudes and views of said employees, and did condone, ratify and otherwise encourage said racist and discriminatory practices by retaining said Defendants.

235.   That Defendants TOYS "R" US' and METRO ONE'S employees, the Defendants DEBLASSI, NIEVES, FERNANDEZ, APONTE, RICKETSON, ETIENNE, MCMAHON and other employees of Defendants TOYS "R" US and METRO ONE whose identities are currently unknown, lacked the qualification, training, temperament, abilities, and suitability for the positions in which they were employed.

236.   That Defendants TOYS "R" US' and METRO ONE'S knew or should have known of the Defendants DEBLASSI, NIEVES, FERNANDEZ, APONTE, RICKETSON, ETIENNE, MCMAHON and other employees racist attitudes and of their offensive and discriminatory policies and denial fundamental Civil Rights of African American decent, and generally of their unsuitability for the positions for which they were employed.

237.   That punitive damages are sought for Defendants TOYS "R" US' and METRO ONE'S gross negligence in hiring and retaining Defendants DEBLASSI, NIEVES, FERNANDEZ, APONTE, RICKETSON, ETIENNE, MCMAHON and other employees of Defendants TOYS "R" US and METRO ONE.

238.    That defendants' gross negligent conduct was a proximate cause of the injuries suffered by plaintiffs and in violation of Plaintiffs DRAYTON'S, KIRK'S and other class members of Civil Rights and human rights and all damages concomitant thereto.

239.   That by reason of the foregoing, Plaintiffs, and each

of them, were caused to suffer certain serious, severe and permanent physical and non-physical personal injuries and conditions, emotional distress, mental injury and suffering, and have otherwise been caused to be damaged thereby.

**AS AND FOR THE SIXTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS TOYS "R" US, DEBLASSI, FERNANDEZ, NIEVES, and other employees of TOYS "R" US whose identities are currently unknown FOR NEGLIGENCE**

240.    That Plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "239" with the same full force and effect as if fully set forth herein at length.

241  This Count is brought by the individual Plaintiffs DRAYTON, KIRK, and the class members against DEFENDANTS TOYS "R" US, DEBLASSI, FERNANDEZ, NIEVES, and other employees.

233.   That on July 10, 2006, Plaintiff DRAYTON was a business invitee of Defendant TOYS "R" US; on date subsequent to July 10, 2006, Plaintiff KIRK was a business invitee of Defendant TOYS "R" US; and prior to and subsequent to July 10, 2006, the class members were  business invitees of Defendant TOYS "R" US.

234.    Defendant TOYS "R" US owed an affirmative duty of care to protect business visitors, such as Plaintiff DRAYTON, KIRK and the class members against known dangers and against those which might be discovered with reasonable care.

235.    Defendant TOYS "R" US breached that duty by failing to act as an ordinary business owner to supervise or train its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees and to take steps to prevent events such as occurred and occurring on an ongoing and continued basis, to wit, racial discrimination, false arrest, false imprisonment, assault, battery, defamation by conduct, defamation, trespass to chattels, and other tortuous conduct and omissions.


236. As a result of those breaches, which were the proximate causes of Plaintiffs' DRAYTON, KIRK and the class members' injuries, Plaintiffs' DRAYTON, KIRK and the class members' suffered harm and damages.

237. Defendants TOYS "R" US is also liable under the doctrine of *respondeat superior.*


**AS AND FOR THE SEVENTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS METRO ONE, RICKETSON, ETIENNE, and MCMAHON and other employees of METRO ONE and whose identities are currently unknown FOR   NEGLIGENCE OF INDEPENDENT CONTRACTOR**


238.    That Plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of thecomplaint designated as "1" through "237" with the same full

force and effect as if fully set forth herein at length.

239.   This Count is brought by the individual Plaintiffs DRAYTON, KIRK, and the class members against DEFENDANTS METRO ONE, RICKETSON, ETIENNE, and MCMAHON and other employees of METRO ONE.

240.   Defendants METRO ONE assumed and owed Plaintiffs DRAYTON, KIRK and the class members a special duty of care. Defendant METRO ONE failed to exercise due care in the execution of the contract between itself and Defendant TOYS "R" US by: (1) failing to exercise reasonable care in the performance of their duties, launched a force and/or instrument of harm; and (2) entirely displacing Defendant TOYS "R" US' duty to maintain Defendant TOYS "R" US' premises safely.

241.   Defendant METRO ONE, RICKETSON, ETIENNE, and MCMAHON and other employees of METRO ONE failed to exercise due care in the execution of their security guard contract with Defendant TOYS "R" US  constitutes a breach of contract.

242.   Pursuant to Defendant METRO ONE'S breach of its contract, with Defendant TOYS "R" US  Plaintiffs DRAYTON, KIRK and the class members have  been damaged as a direct and proximate cause of the aforesaid breach, and demand an amount that would fairly compensate them for said injuries.

**AS AND FOR THE EIGHTEENTH CLAIM FOR RELIEF AGAINST DEFENDANTS OYS "R" US, METRO ONE, DEBLASSI, FERNANDEZ, NIEVES, APONTE,  TIENNE, MCMAHON and other employees of TOYS "R" US and METRO ONE, whose identities are currently unknown**
 **FOR DEFAMATION BY CONDUCT**

243.    That Plaintiffs repeats, reiterates and reallege each and every allegation contained in those paragraphs of the complaint designated as "1" through "242" with the same full force and effect as if fully set forth herein at length.

244.   This Count is brought by the individual Plaintiffs DRAYTON, KIRK, and the class members against all named defendants herein.

245.   Defendants TOYS "R" US' public announcement system broadcasted  Etienne's and McMahon' conduct  stopping, detaining, blocking, surrounding, communicating between each other loudly on their walkie-talkies concerning the unlawful detainment of Plaintiff DRAYTON from exiting Defendant TOYS "R" US' store on July 10, 2006. Said publicly announcements were loudly broadcast in ear shot of customers and others shopping at Defendant TOYS "R" US' store. Said communication had a specific, obvious meaning and did necessarily convey that Plaintiff DRAYTON had engaged in criminal wrongdoing.

246.   That a reasonable person observing the security officer's conduct understood it to be defamatory.

247.   That Nancy Soltren observe plaintiff Drayton being surrounded by and prohibited from exiting TOYS "R" US had thought the plaintiff Drayton may have been caught shoplifting.

247.    A Caucasian male observed Plaintiff Drayton being detained and commented that he did not like the way plaintiff was treated by TOYS "R" US' and METRO ONE'S employees and that he was not to present his sales receipt for inspection to one of Defendants TOYS "R" US' and METRO ONE'S its Peace Officers, store detectives and

undercover operatives, security employees, agents, servants, trustees, licensees and/or employees.

248.    As a direct and proximate cause of Defendants TOYS "R" US' and METRO'S ONE'S its Peace Officers, store detectives and undercover operatives, security employees, agents, servants, trustees, licensees and/or employees acts and omissions

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays  that the Court grant them relief as follows:

(a) Certify this case as a class action under Rule 23;

(b) Enter a declaratory judgment finding that the actions of Defendants alleged  in this complaint violate Title VI of the Civil Rights Act of 1964; 42 C.F.R. § 42.101 et seq., and the New York Executive Law § 296  et. seq., and the New York Civil Rights Law  § 40. 42 U.S.C.§ .§ 1983,1985, and 1986; the New York  State Human Rights Law, § 296, 2(a).

(c)      Enter a permanent injunction barring Defendant from continuing to engage in the unlawful, discriminatory conduct alleged in this Complaint;

(d) Enter a permanent injunction directing that Defendants take all affirmative steps necessary to remedy the effects of the discriminatory conduct alleged in this Complaint and to prevent repeated occurrences in the future;

(e)      Award compensatory damages in an amount that would fully compensate the Plaintiff and other Class members, plus prejudgment interest, for the economic loss, humiliation, embarrassment, physical injury,

mental and emotional distress, including, but not limited to, loss of self –

esteem and self-confidence, as well as continued stress and anxiety,

caused by Defendant's violations of the law alleged in this Complaint in an

amount to be determined at trial but no less than $200 million;

(f)    Award punitive damages to and other Class members in an

amount   that would punish Defendant for the willful, wanton, and reckless

misconduct  alleged in this complaint, and that would effectively deter

Defendant from future discriminatory behavior in an amount to be

determined at trial but no less than $200 million;

(g)    Award Plaintiffs and other Class members their reasonable attorneys'

fees, expert fees, and costs; and

(h)   Order all other relief deemed just and equitable by the Court.

<u>**JURY TRIAL  DEMANDED**</u>

Plaintiff  demands a trial by jury on all issues of fact and damages.

Dated:    Brooklyn, New York

August 30, 2007

Respectfully Submitted,

**Law offices of Emmanuel Roy, P.C.**

*Attorneys  for the plaintiffs.*

_____**ER**_____

**By:  Emmanuel Roy, Esquire**

26 Court Street,  Suite  1503

Brooklyn, New York 11242-1123

(718) 797-2553

ROY-1756