USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 09-19-07

RECEIVED
SEP 19 2007
CHAMBERS OF
RICHARD M. BERMAN
U.S.D.J.

**MCANDREW, CONBOY & PRISCO, LLP**
ATTORNEYS AT LAW
95 FROEHLICH FARM BOULEVARD
WOODBURY, NEW YORK 11797
(516) 921-8600

PETER G. PRISCO
MICHAEL P. CONBOY
KEVIN B. MCANDREW
CRAIG M. DOLINGER
WILLIAM J. POISSON

**MEMO ENDORSED**

MARY C. AZZARETTO
MATTHEW A.D. CANZONERI
ALISSA H. DIEN
NADIA M. FALZARANO
MERRILL B. GUGERTY
ROBERT A. KOUBEK
YUICHI P. LEE
YASMIN D. SOTO

CAROL YERKES
OFFICE MANAGER

FACSIMILE
(516) 921-5728

*Pl to respond with 2-3 pg letter by 9/26/07. Conference on 10/3/07 @ 12:30.*

September 17, 2007

United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007
Attn: Hon. Justice Richard M. Berman

SO ORDERED:
Date: 9/19/07
Richard M. Berman, U.S.D.J.

RE:   Drayton v. Toys "R" Us
      Civ. Action # 07 CV 6315

Dear Honorable Sir:

Please be advised that the undersigned is a partner with the law firm of McAndrew, Conboy & Prisco LLP, a named defendant in the above captioned matter. This correspondence is respectfully submitted in accordance with Rule 2(a) of the individual practices of Your Honor seeking a Pre-Motion Conference for permission to make a motion to dismiss for failure to state a cause of action pursuant to Rule 12(b) of the Federal Rules of Civil Procedure.

The instant class action seeks declaratory, injunctive and monetary relief against the various named defendants for alleged racial discrimination, false imprisonment, and false arrest. A copy of the Class Action Complaint is annexed hereto for your reference. From a reading of the Summons and Complaint it is clear that the various causes of action set forth therein are not directed towards McAndrew, Conboy & Prisco. The only paragraphs directed to McAndrew, Conboy & Prisco are paragraphs 29 through 31 under the section identifying the Defendants. Within said paragraphs, the plaintiff alleges that McAndrew, Conboy & Prisco was sanctioned by Magistrate Judge Gabriel W. Gorenstein for violating a Preservation Order in a separate action brought against Toys "R" Us by Samaad Bishop. Our firm represents Toys "R" Us in that lawsuit as well as a number of employees also named as direct defendants in the instant suit. The allegation in the instant action is that the law firm of McAndrew, Conboy & Prisco spoliated evidence relating to a videotape

September 17, 2007

United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007
Attn: Hon. Justice Richard M. Berman

Page 2

allegedly depicting Patricia Drayton, one of the plaintiff's named in the instant action. Significantly, plaintiff acknowledges that there is currently no theory of law upon which McAndrew, Conboy & Prisco can be held liable for such act. Plaintiff cites to Ortega v. City of New York to assert a possible future claim against McAndrew, Conboy & Prisco. The New York State Court of Appeals granted leave to hear an appeal on that case as to whether an independent cause of action is viable for a third party's spoliation of evidence. However, at this point in time there is no theory of law upon which McAndrew, Conboy & Prisco can be held liable for the alleged spoliation of evidence and such fact is undisputed.

In Ortega, a motorist who sustained injuries when a motor vehicle they were in caught fire brought an action against the City of New York for spoliation of evidence after the city erroneously destroyed the vehicle and sold it as scrap in violation of a Court Order to preserve the vehicle for use in a potential lawsuit. The plaintiff sought summary judgment on the issue of liability on the cause of action to recover damages for spoliation. The Supreme Court, Kings County denied said motion, searched the record and awarded summary judgment to the defendant dismissing that cause of action. The Appellate Division, Second Department affirmed that Court's decision and dismissed the action to recover damages for spoliation of evidence. The New York State Court of Appeals granted certiorari on March 22, 2007. To date, no decision has been issued by the Court of Appeals.

As conceded by plaintiff's counsel, in light of the current state of the law, no independent cause of action is viable for a third party's spoliation of evidence. This is precisely what is being claimed by plaintiff against McAndrew, Conboy & Prisco in the instant matter. Since there is currently no rule of law upon which McAndrew, Conboy & Prisco can be held liable at this place and time, accepting all of plaintiffs' allegations in the Complaint as true, it is respectfully submitted that no cause of action has been stated against such defendant.

It is well settled that the proper inquiry on a motion to dismiss for failure to state a claim is whether relief could be granted under any set of facts that could be proved consistent with the allegations. St. Vincent Health Center v. Shalala, 937 F.Sup. 496 (WD Penn 1995). If no cause of action can be identified, dismissal for failure to state a claim is proper. Id. Since it is undisputed that no cause of action can be identified against McAndrew, Conboy & Prisco, it is respectfully submitted that dismissal is warranted under Rule 12(b) of the Federal Rules of Civil Procedure.

September 17, 2007

United States District Court
Southern District of New York
40 Centre Street
New York, New York 10007
Attn: Hon. Justice Richard M. Berman

Page 3

Furthermore, it is respectfully submitted that McAndrew, Conboy & Prisco was never properly served and as such dismissal is warranted on that ground as well. McAndrew, Conboy & Prisco is a limited liability partnership. The only attempted "service" on this defendant was through regular mail along with a letter from plaintiff's counsel regarding a conference date of which the defendant was unaware. Such service is improper under the Federal Rules of Civil Procedure. As such, dismissal is warranted on that ground as well.

In light of the above, it is respectfully requested that the Court schedule a Pre-Motion Conference and grant permission to McAndrew, Conboy & Prisco to make a motion to dismiss for failure to state a cause of action upon which relief can be granted. Please note that a discovery conference is currently scheduled for October 3, 2007. It is respectfully requested that the Pre-Motion Conference be heard at the same time.

Respectfully submitted,

PETER G. PRISCO

PGP:no

cc:   Law Offices of Emmanuel Roy, P.C.
      Attorney for Plaintiffs
      26 Court Street
      S-1503
      Brooklyn, New York 11242-1123