USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/26/07

**LESTER SCHWAB KATZ & DWYER,**
120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611

RECEIVED SEP 25 2007

NEW JERSEY OFFICE
RICHARD M. 44 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9511

THOMAS A. CATALANO
Writer's Direct Dial: (212) 341-4298
E-Mail: tcatalano@lskdnylaw.com

**MEMO ENDORSED**

September 25, 2007

*We can discuss on 10/3/07 @ conference.*

By hand
Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, NY 10007

SO ORDERED:
Date: 9/25/07  /s/ Richard M. Berman
Richard M. Berman, U.S.D.J.

Re: *Drayton v. Toys "R" Us et al.* 1:07-cv-06315-RMB

Dear Judge Berman:

We represent defendants Metro One Loss Prevention Group (Guard Division), Inc. and Bernard Ricketson (collectively, "Metro One")[1]. We are writing to request a pre-motion conference to address Metro One's proposed Rule 12(b) motion to dismiss certain claims in the complaint.

This is a putative nationwide class action brought by two named plaintiffs, Patricia Drayton and Valerie Kirk, based entirely upon the allegation that the defendants have a policy of inspecting the cash register receipts of African-Americans at the exit doors of Toys "R" Us stores, while such inspections are not generally conducted for white shoppers. Metro One provides security guard services at certain Toys "R" Us stores in the greater metropolitan area.

The First Claim alleges violation of the both the Contract Clause and the Equal Benefits Clause of 42 U.S.C. §1981. Plaintiffs admit, however, that they had completed their purchases when the conduct complained of occurred. Therefore, the §1981 Contract Clause claim must be dismissed. Bishop v. Toys "R" Us-NY LLC, 414 F.Supp.2d 385, 393 (S.D.N.Y. 2006); Flowers v. TJX Companies, Inc., 1994 WL 382515, *6 (N.D.N.Y. 1994).

The Second Count alleges violation of 42 U.S.C. §1982, and it cannot stand upon dismissal of the §1981 Contract Clause claim. Bishop, at 395 ("conclusion that plaintiff has not

---

[1] Defendants Rocky Etienne and Mark McMahon are former employees of Metro One. When and if they are served with process and request to be defended, we anticipate that we will be representing them as well.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Richard M. Berman
September 25, 2007
Page 2

pled that he was denied the right to enter into a contract counsels in favor of dismissal of the section 1982 claim").

The Fifth Count for conspiracy is duplicative of the Eight Count for conspiracy and should be dismissed. Ferran v. Town of Nassau, 11 F.3d 21, 23 (2nd Cir. 1993).

The Seventh Claim, based upon the "right to travel," fails to state a claim. The plaintiffs were permitted to shop in the store and had completed their purchases at time they were asked to show their cash register receipt. No impingement of the "right to travel" is therefore implicated. See Bishop, at 395.

The Tenth and Eleventh Claims under the New York State Constitution should be dismissed as duplicative of the §1983 claims. "[V]arious federal courts in this circuit have held that there is no private right of action under the New York State Constitution where, as here, remedies are available under § 1983." Clayton v. City of Poughkeepsie, 2007 WL 2154196, *7 (S.D.N.Y. 2007) (citation and internal quotation marks omitted).

The Twelfth Claim for "civil banishment" does not state a claim, and is duplicative of the "right to travel" claim (Seventh Claim) which subject to dismissal for the reasons stated.

The Fourteenth Claim under Civil Rights Law § 40 must be dismissed since "[t]here is no allegation in the complaint that the plaintiff provided notice to the Attorney-General at or before the commencement of the action as required by Civil Rights Law § 40-d." Chun Suk Bak v. Flynn Meyer Sunnyside, Inc., 285 A.D.2d 523-, 727 N.Y.S.2d 656 (2 Dept. 2001) (citation omitted).

The Eighteenth Claim for "defamation by conduct" should be dismissed since that tort is not recognized in New York. "The tort of defamation requires words, not merely actions, the existence of which plaintiff fails to allege." O'Donnell v. Westchester Community Service Council, Inc., 96 A.D.2d 885, 886, 466 N.Y.S.2d 41, 43) (2 Dept. 1983); Borquin v. Brink's Inc., 1999 WL 108766, *3 (S.D.N.Y. 1999).

The claims of Valerie Kirk should be dismissed in their entirety. Kirk alleges only that "[i]n or about August 2006," she was asked to present her sales receipt at the store exit; she refused to produce her receipt; she had never been asked to show a receipt at other Toys "R" Us Stores in the past; and she left the store without showing the receipt, with employees telling her that if she did not like the receipt verification policy she was free to shop elsewhere and that she was "banned" from the store. Compl. ¶¶ 67-72.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Richard M. Berman
September 25, 2007
Page 3

   Since she cannot even provide the date of the alleged "incident", Kirk's complaint fails to provide fair notice of her claims under F.R.C.P. 8(a). A complaint "must contain sufficient facts, in terms of <u>dates</u> <u>and</u> <u>identification</u> <u>of</u> <u>persons</u>, incidents and actions taken, to give Defendants fair notice of what Plaintiff's discrimination claims are and the factual grounds upon which they rest." <u>Martinez v. Sulner</u>, 2006 WL 737137, *5 (S.D.N.Y. 2006) (emphasis added). <u>Cf.</u>, <u>Swierkiewicz v. Sorema N. A.</u>, 534 U.S. 506, 514, 122 S.Ct. 992, 999 (2002) (complaint "provided relevant dates, and included the ages and nationalities of at least some of the relevant persons involved").

   Even if she was able to specify the date of the "incident," the fleeting discussion with store employees alleged does not give rise to a tort, much less a claim under federal or state civil rights statutes.

   In addition, plaintiffs have failed to properly serve Metro One with process. The complaint was received by Metro One by certified mail, without a summons, or any request for waiver of service under Rule 4. We request that the Metro One's time to serve an answer be extended until this application is decided.

Respectfully,

Thomas A. Catalano

cc:
By fax (718) 797-3994 and mail
Emmanuel Roy, Esq.
New Start, LLC
32 Court Street, #201
Brooklyn, NY 10201
Attorney for Plaintiffs

By fax (516) 921-5728 and mail
McAndrew, Conboy & Prisco
Attn: Peter G. Prisco, Esq.
95 Froehlich Farm Boulevard
Woodbury, NY 11747
Defendant *pro se*

(No appearance by any other defendant)
922229