**LEDY-GURREN BASS & SIFF, L.L.P.**

ATTORNEYS AT LAW

475 PARK AVENUE SOUTH • NEW YORK, NY 10016

(212) 447-1111

FAX: (212) 447-6686

NANCY LEDY-GURREN
(212) 447-1105
EMAIL:NLEDYGURREN@LGB-LAW.COM

October 5, 2007                                      *Via FedEx*

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, New York 10007

       *Re:*    *Drayton v. Toys "R" Us, et al.*
                 *07-CV-06315 (RMB)*

Dear Judge Berman:

       We represent Toys "R" Us-Delaware, Inc. s/h/a Toys Us, Inc., Toys "R"Us-NY, LLC, Vic DeBlassi, Richard Fernandez, Jose Nieves, and George Aponte [the "Toys "R" Us Defendants] in the above-referenced action. Pursuant to the direction of the Court, we here provide a statement of the Toys "R" Us Defendants' objections to the distinct causes of action contained in the plaintiffs' complaint (and, of course, simultaneously provide it to plaintiffs' counsel for his response). Again per the Court's direction, we have only provided our "supplemental" grounds, and otherwise indicated that we rely on the same grounds for dismissal as stated in the letter to this Court of September 25, 2007 from Thomas Catalano of Lester Schwab Katz & Dwyer, LLP, on behalf of the Metro One defendants [the "Metro One Letter"]. To facilitate plaintiffs' counsel's review of our position, we address the causes of action numerically and sequentially.

       The claims asserted in this putative class action (the two named plaintiffs are Patricia Drayton and Valerie Kirk) distill down to a general charge that the Toys "R"Us's "sales receipt verification procedure", utilized in Toys "R" Us stores "throughout the United States of America", is racially discriminatory, in that defendants purportedly verify the sales receipts of black shoppers disproportionately to those of white shoppers, particularly in areas where there are large African American or immigrant populations.

       The complaint purports to state eighteen causes of action (however, there are actually nineteen distinct causes as a result of the fact that there are two Sixth Causes of Action, two Thirteenth Causes of Action, and no Fourteenth Cause of Action). The Toys "R" Us

LEDY-GURREN BASS & SIFF, L.L.P.

Hon. Richard M. Berman
United States District Court
Southern District of New York
October 5, 2007
Page 2

*Re:* **Drayton v. Toys "R" Us, et al.**
**07-CV-06315 (RMB)**

Defendants respectfully submit that all causes of action, with the exception of that portion of the First Cause of Action (equal benefit claim only), be dismissed as against them. Again, we address the causes of action *ad seriatim*:

First Cause of Action: this alleges civil rights violations under 42 U.S.C. §1981. Section 1981 embraces two distinct "rights", i.e., it provides all citizens of the United States the right (1) "to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens" and (2) to "make and enforce contracts". Plaintiffs appear to assert claims under both the "equal benefit" and the "right to contract" provisions of the statute. We maintain that the "right to contract" portion of this claim should be dismissed for the reasons set forth in the Metro One Letter, and add that the law is fairly solid that, in the context of retail sales, if there has been a "contract" completed, i.e., a sale, there can be no contract violation as a result of post-sale conduct. Flowers v. TJX Companies, Inc., 1994 WL 382515 (N.D.N.Y. 1994).

Second Cause of Action:   The theory of the Second Cause is ostensibly a violation of 42 USC §1982, which provides that "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property". The allegation of wrongdoing under this section is that defendants interfered with plaintiffs' "ability to purchase Toys "R" Us property which is sold to the general public". Indeed, this cause of action should fail for the simple reason that there is no allegation that the representative plaintiffs actually were prevented from purchasing Toys "R" Us goods–in fact, the allegations are that there were purchases and demands for receipts. Section 1981 and Section 1982 claims are generally considered together, and the fact that there was a admittedly a contract completed, or a sale made, should defeat both claims. Bishop v. Toys "R" Us-NY, LLC, 2007 WL 2042913 (S.D.N.Y. 2007). We also adopt the grounds stated in the Metro One Letter.

Third through Seventh Causes of Action: these claims (which actually represent six distinct causes, as plaintiff has denominated two distinct claims as a "Sixth" cause) all share the common denominator of a claim of a deprivation of rights under 42 USC §1983, which provides for liability against anyone whom, "under color of any statute, ordinance, regulation, custom, or usage of any State or Territory", deprives someone of a constitutional right. It is an absolute requirement of 1983 liability that there must be proof of state action. Tancredi v. Metropolitan Life Insurance Co., 316 F.3d 308, 312 (2d Cir. 2003). Moreover, an infringement of a *federal right* must be alleged to support a §1983 action. Jones v. JC Penney Dept. Stores, Inc., 2007 WL

LEDY-GURREN BASS & SIFF, L.L.P.

Hon. Richard M. Berman
United States District Court
Southern District of New York
October 5, 2007
Page 3

**Re:  *Drayton v. Toys "R" Us, et al.*
07-CV-06315 (RMB)**

1577758. In order to satisfy the state action requirement, where a defendant is a private entity, the alleged conduct must be "fairly attributable to the state". Tancredi, *supra*. The acts of private security guards hired by a store do not constitute state action with two exceptions: (1) when the private guards are given the authority of state law; or (2) where they wilfully participate in the joint activity of the State or its agents. Jones v. JC Penney Stores, Inc., *supra*. There is virtually uninterrupted case law in the Second Circuit, in the retail area, standing for the proposition that security personnel are not state actors when they detain or call for the arrest of suspected shoplifters. *E.g.*, Jones v. JC Penney Dept. Stores, Inc., *supra*; Prowisor v. Bon-Ton, Inc., 426 F.Supp.2d 165, 170 (S.D.N.Y. 2006); Guiducci v. Kohl's Dept. Stores, 320 F.Supp.2d 35 (E.D.N.Y. 2004); Moher v. Stop & Shop. Cos., 580 F.Supp. 723, 725-26 (D. Conn. 1984); Newman v. Bloomingdale's, 543 F.Supp. 1029, 1032 (S.D.N.Y. 1982). The Toys "R" Us Defendants also adopt the additional bases for dismissal of the Fifth and Seventh Causes of Action set forth in the Metro One Letter.

Eighth Cause of Action: claims a violation of 42 USC §1985, which prohibits conspiracy to effect a deprivation of civil rights, alleging that defendants Toys "R" Us and Metro One and their employees have hired officers to "intimidate" black shoppers, protect Toys "R" Us assets at the expense of civil rights and enforce improper receipt verification policies. Plaintiffs' attempt to bring a claim under this section should fail as a matter of law. It is settled in the Second Circuit that there can be no conspiracy where the challenged activity is "essentially a single act by a single corporation acting exclusively through its own directors, officers, and employees, each acting within the scope of his employment" [Herrman v. Moore, 576 F.2d 453 (2d Cir. 1978)]. Allegations of acts by a corporation and its agents or employees, whether or not the agents and employees are sued in their individual capacities, are insufficient to establish a claim under this section [Prescod v. American Broadcasting Cos., Inc., 1979 WL 242 (S.D.N.Y. 1979)]. Here, the complaint concerns allegations of only an "intra-corporate" conspiracy, among Toys "R" Us, its employees, Metro One (as agent of Toys "R" Us ), and its employees. These allegations do not support a civil rights conspiracy claim under this section.

Ninth Cause of Action: claims a violation of 42 USC §1986, which provides a cause of action against anyone who has knowledge of a conspiracy about to be committed in violation of 42 USC §1985 and, having power to prevent or mitigate it, fails to do so. The allegations appear to claim that Toys "R" Us and Metro One had the power to prevent the enforcement of their own (presumably discriminatory) receipt verification policies and failed to do so. 42 USC §1986 provides a cause of action against anyone who "having knowledge that any of the wrongs conspired to be done and mentioned in Section 1985 are about to be committed and having power

LEDY-GURREN BASS & SIFF, L.L.P.

Hon. Richard M. Berman
United States District Court
Southern District of New York
October 5, 2007
Page 4

Re:  *Drayton v. Toys "R" Us, et al.*
     07-CV-06315 (RMB)

to prevent or aid, neglects to do so" [Thomas v. Roach, 165 F.3d 137 (2d Cir. 1999)(citation omitted)]. The law is clear that a claim under this section can only stand where it is predicated on a valid claim under Section 1985. Jones v. J.C. Penney's Department Stores, Inc., 2007 WL 1577758 (W.D.N.Y. 2007) (citations omitted). Accordingly, given that plaintiffs' Section 1985 claim likely will not survive a motion to dismiss, we believe that the Section 1986 claim should be dismissed as well.

Tenth Cause of Action: is for violations of Article I, §11 of the New York State Constitution, which provides for equal protection of the laws. The claim reiterates the allegations of the prior causes regarding racial discrimination and states that there is corporate liability on this cause under principles of *respondeat superior*. The Toys "R" Us Defendants maintain that this claim should be dismissed on the ground that there is no private right of action under the New York State Constitution where §1983 remedies are available [as set forth in the Metro One Letter], and add that the New York Constitution cannot govern the nationwide putative class. We also adopt the argument advanced by Metro One that the cause is duplicative.

Eleventh Cause of Action: is stated is denominated as one for "Civil Rights Violations of the Right to Travel Under the New York State Constitution"; dismissal is appropriate, both on the basis of the analysis delineated in the §1983 federal claims, and with respect to the Tenth Cause, and on the grounds of improper "duplication" as articulated in the Metro One Letter.

Twelfth Cause of Action: which states that it is a cause for "Civil Banishment" fails to state a claim and should be dismissed on that basis as well as the additional grounds set forth in the Metro One Letter.

The *first* Thirteenth Cause of Action, under New York Executive Law §296, claims that defendants denied plaintiffs the privileges of places of public accommodation on the basis of race/national origin, in violation of the statute. Under the New York Executive Law, there needs to be proof of an actual denial of the services. Nevin v. Citibank, N.A., 107 F.Supp.2d 333 (S.D.N.Y. 2000). Clearly, neither of the representative plaintiffs were denied the services and the claim should be dismissed on this basis.

The *second* Thirteenth Cause of Action under New York Civil Rights Law §40, should be dismissed on the grounds set forth in the Metro One Letter (Note: Metro One describes this as the Fourteenth Cause of Action).

LEDY-GURREN BASS & SIFF, L.L.P.

Hon. Richard M. Berman
United States District Court
Southern District of New York
October 5, 2007
Page 5

Re:   *Drayton v. Toys "R" Us, et al.*
      07-CV-06315 (RMB)

The Fifteenth Cause of Action : purports to state a claim for Negligent Hiring and Retention, and alleges negligence against Toys "R"Us and Metro One in continuing to employ DeBlassi, Nieves, Fernandez, Aponte, Ricketson, Etienne, and McMahon despite actual knowledge of their "racist attitudes and views" and condoned "racist and discriminatory practices by retaining" them as employees. This cause of action is wholly contradictory to the other allegations of the complaint, i.e., that the policies of this defendant were discriminatory (and there needs to be intent). Plaintiffs cannot "transform" an alleged civil rights violation into a negligent hiring claim, where there would be no actionable wrong by the employee but for a civil rights violation, which requires proof of a higher standard of conduct then negligence.

Sixteenth Cause of Action:  this cause should be dismissed for the same reasons addressed in the discussion of the Fifteenth Cause of action. Plaintiff has identified intentional wrongs, and has not characterized the existence of a legal duty that would support a negligence claim.

Seventeenth Cause of Action:  this cause of action is not stated against the Toys "R" Us Defendants.

Eighteenth Cause of Action:  plaintiffs claim "Defamation By Conduct", alleging that the conduct of plaintiff Drayton was broadcast on the public announcement system of Toys "R" Us. This claim fails to state a cause of action under New York law and also should be dismissed for the reasons explained in the Metro One Letter.

Accordingly, the Toys "R" Us Defendants respectfully request dismissal of the First Cause of Action (as to the "right to contract" portion of the claim), the Second, Third, Fourth, Fifth, *first* Sixth, *second* Sixth, Seventh, Eighth, Ninth, Tenth, Eleventh, Twelfth, *first* Thirteenth, *second* Thirteenth, Fifteenth, Sixteenth and Eighteenth Causes of Action.

Respectfully submitted,

NANCY LEDY-GURREN

cc:   Emmanuel Roy, Esq.        (Via Facsimile and Regular Mail)
      Thomas Catalano, Esq.     (Via Facsimile and Regular Mail)