Steven B. Getzoff (sb-5455)
Thomas A. Catalano (tc-1625)
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(212) 964-6611
Attorneys for Defendants
Metro One Loss Prevention Group
(Guard Division NY), Inc. and Rocky Etienne

574-7217/984919

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| PATRICIA DRAYTON, et al., | 07-CV-06315(RMB) (JCF) |
| Plaintiffs, | ANSWER TO FIRST AMENDED COMPLAINT OF METRO ONE |
| -against- | |
| TOYS "R" US INC, et al., | Filed by ECF on February 27, 2008 |
| Defendants. | JURY TRIAL DEMANDED |

-----------------------------------------------------------------x

Defendant Metro One Loss Prevention Services Group (Guard Division NY), Inc. s/h/a Metro One Loss Prevention Group (Guard Division NY), Inc. ("Metro One") by its attorneys; Lester Schwab Katz & Dwyer, LLP, for its answer to the first amended complaint, alleges:

ANSWERING THE PREAMBLE

1.   Metro One denies the allegations set forth in paragraphs 1 through 3 of the first amended complaint, except admits that the first amended complaint purports to allege the claims stated, and respectfully refers all questions of law to the court.

2.   Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the first amended complaint.

3. Metro One denies the allegations set forth in paragraph 5 of the first amended complaint.

4. Metro One admits the allegations set forth in paragraphs 6 through 8 of the first amended complaint.

5. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 9 through 26 of the first amended complaint.

6. Metro One denies the allegations set forth in paragraphs 27 and 28 of the first amended complaint, except admits that Metro One is a foreign corporation authorized to do business in the State of New York, with its principal place of business at 900 South Avenue, Staten Island, New York, 10314, which provides loss prevention services to retail stores such Toys "R" Us in the State of New York and other states.

7. Metro One admits the allegations set forth in paragraph 29 of the first amended complaint.

8. Metro One denies the allegations set forth in paragraph 30 of the first amended complaint, except admits that Etienne worked as an armed guard for Metro One, and that he was also employed as a Corrections Officer for the New York State Department of Correctional Services, but denies that Etienne's status as a Corrections Officer and/or peace officer had any relationship to his duties as a Metro One employee.

9. Metro One denies the allegations set forth in paragraphs 31 and 32 of the first amended complaint, except admits that Etienne was worked at the Toys "R" Us located in the Bronx on July 10, 2006, and was assigned to receipt verification of customers existing the store.

10. Metro One denies the allegations set forth in paragraph 33 of the first amended complaint, except admits in addition to his employment with Metro One, and that Etienne was also employed as a Corrections Officer for the New York State Department of Correctional Services, but denies that Etienne's status as a Corrections Officer and/or peace officer had any relationship to his duties as a Metro One employee.

11. Metro One denies the allegations set forth in paragraph 34 of the first amended complaint, except admits that Mark McMahon ("McMahon") was employed as a security guard by Metro One.

12. Metro One denies the allegations set forth in paragraphs 35 and 36 of the first amended complaint, except admits that McMahon was working at the Toys "R" Us located in the Bronx on July 10, 2006, and was assigned to receipt verification of customers existing the store.

13. Metro One denies the allegations set forth in paragraph 37 of the first amended complaint.

14. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 38 and 39 of the first amended complaint.

ANSWERING ALLEGATIONS AS TO NAMED PLAINTIFFS

15. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 40 through 45 of the first amended complaint.

16. Metro One denies the allegations set forth in paragraphs 46 through 55 of the first amended complaint.

17. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the first amended complaint.

18. Metro One denies the allegations set forth in paragraphs 57 through 61 of the first amended complaint.

19. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 62 through 86 of the first amended complaint.

20. Metro One denies the allegations set forth in paragraphs 87 through 89 of the first amended complaint.

21. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 90 of the first amended complaint.

22. Metro One denies the allegations set forth in paragraphs 91 through 93 of the first amended complaint.

23. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 94 of the first amended complaint.

24. Metro One denies the allegations set forth in paragraphs 95 through 99 of the first amended complaint.

25. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 100 and 101 of the first amended complaint.

26. Metro One denies the allegations set forth in paragraphs 102 through 105 of the first amended complaint.

27. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 106 and 107 of the first amended complaint.

28. Metro One denies the allegations set forth in paragraphs 108 through 110 of the first amended complaint.

29. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 111 and 112 of the first amended complaint.

30. Metro One denies the allegations set forth in paragraphs 113 through 116 of the first amended complaint.

31. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 117 and 118 of the first amended complaint.

32. Metro One denies the allegations set forth in paragraphs 119 through 122 of the first amended complaint.

33. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 123 and 124 of the first amended complaint.

34. Metro One denies the allegations set forth in paragraphs 125 through 128 of the first amended complaint.

35. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 129 and 130 of the first amended complaint.

36. Metro One denies the allegations set forth in paragraphs 131 through 134 of the first amended complaint.

37. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 135 and 136 of the first amended complaint.

38. Metro One denies the allegations set forth in paragraphs 137 through 140 of the first amended complaint.

39. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 141 and 142 of the first amended complaint.

40. Metro One denies the allegations set forth in paragraphs 143 through 155 of the first amended complaint.

## ANSWERING CLASS ACTION ALLEGATIONS

41. Metro One denies the allegations set forth in paragraph 156 of the first amended complaint, except admits that the complaint purports to describe a putative class.

42. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 157 of the first amended complaint.

43. Metro One denies the allegations set forth in paragraphs 158 through 170 of the first amended complaint.

## ANSWERING COUNT I

44. Metro One adopts by reference its answers to the allegations adopted by reference in paragraph 171 of the first amended complaint.

45. Metro One denies the allegations set forth in paragraphs 172 and 173 of the first amended complaint.

## ANSWERING COUNT II

46. Metro One adopts by reference its answers to the allegations adopted by reference in paragraph 174 of the first amended complaint.

47. Metro One denies the allegations set forth in paragraphs 175 through 177 of the first amended complaint.

## ANSWERING COUNT III

48. Metro One adopts by reference its answers to the allegations adopted by reference in paragraph 178 of the first amended complaint.

49. Metro One denies the allegations set forth in paragraphs 179 and 180 of the first amended complaint.

## ANSWERING COUNT XII

50. Metro One adopts by reference its answers to the allegations adopted by reference in paragraph 181 of the first amended complaint.

51. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the first amended complaint, and refer all questions of law to the Court.

52. Metro One denies the allegations set forth in paragraphs 183 through 188 of the first amended complaint.

## ANSWERING COUNT XIII

53. Metro One adopts by reference its answers to the allegations adopted by reference in paragraph 189 of the first amended complaint.

54. Metro One denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190 of the first amended complaint, and refer all questions of law to the Court.

55. Metro One denies the allegations set forth in paragraphs 191 through 196 of the first amended complaint.

### FIRST AFFIRMATIVE DEFENSE

56. At all relevant times Metro One and its employees, including Etienne and McMahon, acted in complete good faith, and without any intent to deprive any plaintiff of his or her constitutional rights.

### SECOND AFFIRMATIVE DEFENSE

57. Plaintiffs' complaint is barred by the doctrines of qualified privilege, waiver, estoppel, and unclean hands.

### THIRD AFFIRMATIVE DEFENSE

58. The named plaintiffs do not adequately, as a matter of fact or law, represent the interests of the alleged putative class of members for whom they seek class certification.

59. The damages complained of, as well as the circumstances surrounding each plaintiff's incident are unique to that plaintiff, and accordingly, no basis exists for certification of this claim as a class action.

### FOURTH AFFIRMATIVE DEFENSE

60. Plaintiff's have failed to serve Metro One with process in this action.

61. The Court therefore a lacks personal jurisdiction over it.

### FIFTH AFFIRMATIVE DEFENSE

62. Plaintiffs' injuries, if any, were caused, in whole or in part, by his or her own culpable conduct.

## SIXTH AFFIRMATIVE DEFENSE

63. The liability of Metro One, if any, to the plaintiffs for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiffs could have obtained personal jurisdiction with due diligence.

## SEVENTH AFFIRMATIVE DEFENSE

64. In the event the plaintiff recovers a verdict or judgment against Metro One, then said verdict or judgment must been entered in accordance with CPLR 50-B.

## EIGHTH AFFIRMATIVE DEFENSE

65. In the event plaintiffs recovers a verdict or judgment against Metro One, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## NINTH AFFIRMATIVE DEFENSE

66. Plaintiffs have failed to provide notice to the New York State Attorney-General at or before the commencement of the action is as required by Civil Rights Law § 40-d.

67. Therefore, plaintiffs' claims under Civil Rights Law § 40 are barred.

## TENTH AFFIRMATIVE DEFENSE

68. Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, Metro One demands judgment dismissing the first amended complaint, together with the costs and disbursements of this action.

Dated: New York, New York
February 27, 2008

                                                LESTER SCHWAB KATZ & DWYER, LLP

                                                S/_____
                                                Thomas A. Catalano (tc-1625)
                                                Steven B. Getzoff (sb-5455)
                                                Attorneys for Defendants
                                                Metro One Loss Prevention Group
                                                (Guard Division NY), Inc. and Rocky
                                                Etienne
                                                120 Broadway
                                                New York, New York 10271
                                                (212) 964-6611

TO:

Law Offices of K.C. Okoli, P.C.
330 Seventh Avenue, 15th Fl.
New York, New York 10001

    and

Law Offices of Emmanuel Roy, P.C.
26 Court Street, Suite 1503
Brooklyn, New York 11242

Attorneys for plaintiff

Nancy Ledy-Gurren, Esq.
Ledy-Gurren Bass & Siff, LLP
475 Park Avenue South
New York, NY 10016

    And

Ronald M. Cherry, Esq.
Cherry & Jenifer, P.A.
7825 York Road
Towson, Maryland 21204-7445

Attorneys for defendant Toys "R" Us

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

>Law Offices of K.C. Okoli, P.C.
>330 Seventh Avenue, 15th Fl.
>New York, New York 10001
>
>    and
>
>Law Offices of Emmanuel Roy, P.C.
>26 Court Street, Suite 1503
>Brooklyn, New York 11242
>
>Attorneys for plaintiff
>
>Nancy Ledy-Gurren, Esq.
>Ledy-Gurren Bass & Siff, LLP
>475 Park Avenue South
>New York, NY 10016
>
>    And
>
>Ronald M. Cherry, Esq.
>Cherry & Jenifer, P.A.
>7825 York Road
>Towson, Maryland 21204-7445
>
>Attorneys for defendant Toys "R" Us

                                                      S/_____
                                                    Thomas A. Catalano (tc-1625)