Steven B. Getzoff (sb-5455)
Thomas A. Catalano (tc-1625)
Lester Schwab Katz & Dwyer, LLP
120 Broadway
New York, New York 10271-0071
(212) 964-6611
Attorneys for Defendants
Metro One Loss Prevention Group
(Guard Division NY), Inc. and Rocky Etienne

574-7217/984912

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

| | |
|---|---|
| PATRICIA DRAYTON, et al., | 07-CV-06315(RMB) (JCF) |
| Plaintiffs, | ANSWER TO FIRST AMENDED COMPLAINT OF ROCKY ETIENNE |
| -against- | |
| TOYS "R" US INC, et al., | Filed by ECF on February 27, 2008 |
| Defendants. | JURY TRIAL DEMANDED |

-----------------------------------------------------------------x

Defendant Rocky Etienne ("Etienne"), by his attorneys; Lester Schwab Katz & Dwyer, LLP, for his answer to the first amended complaint, alleges:

ANSWERING THE PREAMBLE

1. Etienne denies the allegations set forth in paragraphs 1 through 3 of the first amended complaint, except admits that the first amended complaint purports to allege the claims stated, and respectfully refers all questions of law to the court.

2. Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the first amended complaint.

3. Etienne denies the allegations set forth in paragraph 5 of the first amended complaint.

4. Etienne admits the allegations set forth in paragraphs 6 through 8 of the first amended complaint.

5. Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 9 through 28 of the first amended complaint.

6. Etienne admits the allegations set forth in paragraph 29 of the first amended complaint.

7. Etienne denies the allegations set forth in paragraph 30 of the first amended complaint, except admits that Etienne worked as an armed guard for Metro One, and that he was also employed as a Corrections Officer for the New York State Department of Correctional Services, but denies that Etienne's status as a Corrections Officer and/or peace officer had any relationship to his duties as a Metro One employee.

8. Etienne denies the allegations set forth in paragraphs 31 and 32 of the first amended complaint, except admits that Etienne was worked at the Toys "R" Us located in the Bronx on July 10, 2006, and was assigned to receipt verification of customers existing the store.

9. Etienne denies the allegations set forth in paragraph 33 of the first amended complaint, except admits in addition to his employment with Metro One, and that Etienne was also employed as a Corrections Officer for the New York State Department of Correctional Services, but denies that Etienne's status as a Corrections Officer and/or peace officer had any relationship to his duties as a Metro One employee.

10. Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 through 36 of the first amended complaint.

11. Etienne denies the allegations set forth in paragraph 37 of the first amended complaint.

12. Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 38 and 39 of the first amended complaint.

## ANSWERING ALLEGATIONS AS TO NAMED PLAINTIFFS

13. Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 40 through 45 of the first amended complaint.

14. Etienne denies the allegations set forth in paragraphs 46 through 55 of the first amended complaint.

15. Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 56 of the first amended complaint.

16. Etienne denies the allegations set forth in paragraphs 57 through 61 of the first amended complaint.

17. Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraphs 62 through 170 of the first amended complaint.

## ANSWERING COUNT I

18.   Etienne adopts by reference his answers to the allegations adopted by reference in paragraph 171 of the first amended complaint.

19.   Etienne denies the allegations set forth in paragraphs 172 and 173 of the first amended complaint.

## ANSWERING COUNT II

20.   Etienne adopts by reference his answers to the allegations adopted by reference in paragraph 174 of the first amended complaint.

21.   Etienne denies the allegations set forth in paragraphs 175 through 177 of the first amended complaint.

## ANSWERING COUNT III

22.   Etienne adopts by reference his answers to the allegations adopted by reference in paragraph 178 of the first amended complaint.

23.   Etienne denies the allegations set forth in paragraphs 179 and 180 of the first amended complaint.

## ANSWERING COUNT XII

24.   Etienne adopts by reference his answers to the allegations adopted by reference in paragraph 181 of the first amended complaint.

25.   Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 182 of the first amended complaint, and refer all questions of law to the Court.

26.   Etienne denies the allegations set forth in paragraphs 183 through 188 of the first amended complaint.

## ANSWERING COUNT XIII

27. Etienne adopts by reference his answers to the allegations adopted by reference in paragraph 189 of the first amended complaint.

28. Etienne denies any knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 190 of the first amended complaint, and refer all questions of law to the Court.

29. Etienne denies the allegations set forth in paragraphs 191 through 196 of the first amended complaint.

## FIRST AFFIRMATIVE DEFENSE

30. At all relevant times, Etienne acted in complete good faith, and without any intent to deprive any plaintiff of his or her constitutional rights.

## SECOND AFFIRMATIVE DEFENSE

31. Plaintiffs' complaint is barred by the doctrines of qualified privilege, waiver, estoppel, and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

32. The named plaintiffs do not adequately, as a matter of fact or law, represent the interests of the alleged putative class of members for whom they seek class certification.

33. The damages complained of, as well as the circumstances surrounding each plaintiff's incident are unique to that plaintiff, and accordingly, no basis exists for certification of this claim as a class action.

## FOURTH AFFIRMATIVE DEFENSE

34. Plaintiff's have failed to serve Etienne with process in this action.

35. The Court therefore a lacks personal jurisdiction over him.

## FIFTH AFFIRMATIVE DEFENSE

36. Plaintiffs' injuries, if any, were caused, in whole or in part, by his or her own culpable conduct.

## SIXTH AFFIRMATIVE DEFENSE

37. The liability of Etienne, if any, to the plaintiffs for non-economic loss is limited to his equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiffs could have obtained personal jurisdiction with due diligence.

## SEVENTH AFFIRMATIVE DEFENSE

38. In the event the plaintiff recovers a verdict or judgment against Etienne, then said verdict or judgment must been entered in accordance with CPLR 50-B.

## EIGHTH AFFIRMATIVE DEFENSE

39. In the event plaintiffs recovers a verdict or judgment against Etienne, then said verdict or judgment must be reduced pursuant to CPLR 4545(c) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

## NINTH AFFIRMATIVE DEFENSE

40. Plaintiffs have failed to provide notice to the New York State Attorney-General at or before the commencement of the action is as required by Civil Rights Law § 40-d.

41.   Therefore, plaintiffs' claims under Civil Rights Law § 40 are barred.

TENTH AFFIRMATIVE DEFENSE

42.   Some or all of Plaintiffs' claims are barred by the applicable statute of limitations.

WHEREFORE, Etienne demands judgment dismissing the first amended complaint, together with the costs and disbursements of this action.

Dated:   New York, New York
         February 27, 2008

                              LESTER SCHWAB KATZ & DWYER, LLP


                              S/_____
                              Thomas A. Catalano (tc-1625)
                              Steven B. Getzoff (sb-5455)
                              Attorneys for Defendants
                              Metro One Loss Prevention Group
                              (Guard Division NY), Inc. and Rocky
                              Etienne
                              120 Broadway
                              New York, New York 10271
                              (212) 964-6611

TO:

Law Offices of K.C. Okoli, P.C.
330 Seventh Avenue, 15th Fl.
New York, New York 10001

    and

Law Offices of Emmanuel Roy, P.C.
26 Court Street, Suite 1503
Brooklyn, New York 11242

Attorneys for plaintiff

Nancy Ledy-Gurren, Esq.
Ledy-Gurren Bass & Siff, LLP
475 Park Avenue South
New York, NY 10016

 And

Ronald M. Cherry, Esq.
Cherry & Jenifer, P.A.
7825 York Road
Towson, Maryland 21204-7445

Attorneys for defendant Toys "R" Us

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 27, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Eastern District's Local Rules, and/or the Eastern District's Rules on Electronic Service upon the following parties and participants:

>Law Offices of K.C. Okoli, P.C.
>330 Seventh Avenue, 15th Fl.
>New York, New York 10001
>
>    and
>
>Law Offices of Emmanuel Roy, P.C.
>26 Court Street, Suite 1503
>Brooklyn, New York 11242
>
>Attorneys for plaintiff
>
>Nancy Ledy-Gurren, Esq.
>Ledy-Gurren Bass & Siff, LLP
>475 Park Avenue South
>New York, NY 10016
>
>    And
>
>Ronald M. Cherry, Esq.
>Cherry & Jenifer, P.A.
>7825 York Road
>Towson, Maryland 21204-7445
>
>Attorneys for defendant Toys "R" Us

                                            S/
                                  Thomas A. Catalano (tc-1625)