UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

PATRICIA DRAYTON, DARWIN DAVID RHODES,
VALERIE KIRK, CLYDE CONES, ANGELA
STALLINGS, LAI-QUANA UTLEY, IDA JACKSON,
ERICA MILLER, TERESA BRANCH, LINDA LOVING,
PATRICIA WEAAVER, MARGARET HIGH and
DENISE SCOTT, for themselves and on behalf
of all similarly situated African Americans who
shopped at Toys 'R' Us stores since 2004, or
who will shop at said Toys 'R' Us stores,

CASE NO.
07-CV-06315
(RMB) (JCF)

PLAINTIFFS,

**TRU ANSWER
TO AMENDED
COMPLAINT**

-against-

TOYS "R" US INC, TOYS "R" US-NY, LLC, TOYS
"R" US-OHIO, INC., JOHN DOE #s1-5, being
individual managerial staff of Toys "R" US Store No.
8930, METRO ONE LOSS PREVENTION GROUP
(GUARD DIVISION NY), INC. ("METRO ONE"),
ROCKY ETIENNE, individually, and in his official
capacity as an employee of METRO ONE; MARK
MCMAHON, individually, and in his official
capacity as an employee of METRO ONE;
"JOE SHERIFF", real name unknown, the person
intended being a Sheriff's Deputy of the Hamilton
County Sheriff's Department, Cincinnati, Ohio,
who accosted Darwin David Rhodes at a
Toy "R" Us store on or about January 25, 2006,
"P.O. TODD", real name unknown, the person
intended being a police officer of the City of
Cincinnati, Ohio, who arrested Darwin David Rhodes in
or about April 2006 for alleged theft at a Toy "R" Us
store on January 25, 2006, CITY OF CINCINNATI, and
Defendant "Does 1 to 100", real names unknown, those
Intended being security guards at various Toys "R" US
Stores mentioned herein,

DEFENDANTS.

------------------------------------------------------------------x

Defendants, TOYS "R" US, INC., and TOYS "R" US-DELAWARE, INC. f/k/a TOYS "R" US-NY, LLC and TOYS "R" US-OHIO, INC. [collectively, "TRU"], by their attorneys, Cherry & Jenifer, P.A., and Ledy-Gurren Bass & Siff, L.L.P. , as and for its Answer to plaintiff's Amended Complaint, respectfully alleges as follows, upon information and belief:

1.    Denies each and every allegation contained in paragraph "1" in the form alleged and asserts both that there has been no discriminatory conduct by TRU and that this action does not meet the criteria for class action treatment.

2.    Denies each and every allegation contained in paragraph "2" in the form alleged and asserts both that there has been no discriminatory conduct by TRU and that this action does not meet the criteria for class action treatment.

3.    Denies each and every allegation contained in paragraph "3" in the form alleged and respectfully refers all questions of law to this Honorable Court.

4.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "4".

5.    Denies each and every allegation contained in paragraph "5".

6.    Admits each and every allegation contained in paragraph "6".

7.    Admits each and every allegation contained in paragraph "7".

8.    Denies each and every allegation contained in paragraph "8" in the form alleged and respectfully refers all questions of law to this Honorable Court.

9.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "9".

10.    Denies knowledge or information sufficient to form a belief as to each

and every allegation contained in paragraph "10".

11.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "11".

12.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "12".

13.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "13".

14.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "14".

15.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "15".

16.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "16".

17.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "17".

18.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "18".

19.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "19".

20.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "20".

21.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "21".

22.    Denies each and every allegation contained in paragraph "22" in the form alleged except admits that TRU is a Delaware Corporation with its principal place of business in Wayne, New Jersey.

23.    Admits each and every allegation contained in paragraph "23."

24.    Admits each and every allegation contained in paragraph "24".

25.    Denies each and every allegation contained in paragraph "25".

26.    Neither admits nor denies the allegations in paragraph "26" as they consist of declarative statements which do not require an admission or denial.

27.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "27".

28.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "28".

29.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "29".

30.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "30".

31.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "31".

32.    Denies each and every allegation contained in paragraph "32" in the form alleged except admits that TRU has an exit greeter program which is in operation at certain times in TRU stores as required by legitimate nondiscriminatory business reasons.

33.    Denies knowledge or information sufficient to form a belief as to each

and every allegation contained in paragraph "33" and denies that any TRU independent contractor or employee is retained or hired in reliance on his/her status in other employment or for the purpose of functioning as a Peace Officer.

34.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "34".

35.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "35".

36.     Denies each and every allegation contained in paragraph "36" in the form alleged except admits that TRU has an exit greeter program which is in operation at certain times in TRU stores as required by legitimate nondiscriminatory business reasons.

37.     Denies each and every allegation contained in paragraph "37".

38.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "38".

39.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "39".

40.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "40".

41.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "41".

42.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "42".

43.     Denies knowledge or information sufficient to form a belief as to each

and every allegation contained in paragraph "43".

     44.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "44".

     45.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "45".

     46.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "46" and specifically denies wrongful conduct by TRU.

     47.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "47".

     48.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "48" and specifically denies wrongful conduct by TRU.

     49.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "49" and specifically denies wrongful conduct by TRU.

     50.    Denies each and every allegation contained in paragraph "50" in the form alleged and specifically denies any wrongful conduct by TRU.

     51.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "51" and specifically denies wrongful conduct by TRU.

     52.    Denies each and every allegation contained in paragraph "52" in the form alleged and specifically denies any wrongful conduct by TRU.

53.     Denies each and every allegation contained in paragraph "53" in the form alleged and specifically denies any wrongful conduct by TRU.

54.     Denies each and every allegation contained in paragraph "54" in the form alleged and specifically denies any wrongful conduct by TRU.

55.     Denies each and every allegation contained in paragraph "55" in the form alleged and specifically denies any wrongful conduct by TRU.

56.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "56".

57.     Denies each and every allegation contained in paragraph "57" in the form alleged and specifically denies any wrongful conduct by TRU and that any conduct by such Defendant bears any casual relationship to the Putative Representative's alleged business losses.

58.     Denies each and every allegation contained in paragraph "58" in the form alleged and specifically denies any wrongful conduct by TRU and specifically denies that Drayton's subjective belief is relevant to any legal or factual issue.

59.     Denies each and every allegation contained in paragraph "59".

60.     Denies each and every allegation contained in paragraph "60".

61.     Denies each and every allegation contained in paragraph "61" in the form alleged and asserts that this action does not meet the criteria for class action treatment.

62.     Denies knowledge or information sufficient form a belief as to each and every allegation contained in paragraph "62".

63.     Denies each and every allegation contained in paragraph "63" in the

form alleged and specifically denies any wrongful conduct by TRU.

64.    Denies each and every allegation contained in paragraph "64" in the form alleged and specifically denies any wrongful conduct by TRU.

65.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "65" and specifically denies wrongful conduct by TRU.

66.    Denies each and every allegation contained in paragraph "66" in the form alleged and specifically denies any wrongful conduct by TRU.

67.    Denies each and every allegation contained in paragraph "67" in the form alleged and specifically denies any wrongful conduct by TRU.

68.    Denies each and every allegation contained in paragraph "68" in the form alleged and specifically denies any wrongful conduct by TRU.

69.    Denies each and every allegation contained in paragraph "69" in the form alleged and specifically denies any wrongful conduct by TRU.

70.    Denies each and every allegation contained in paragraph "70" in the form alleged and specifically denies any wrongful conduct by TRU.

71.    Denies each and every allegation contained in paragraph "71" in the form alleged and specifically denies any wrongful conduct by TRU.

72.    Denies each and every allegation contained in paragraph "72" in the form alleged and specifically denies any wrongful conduct by TRU.

73.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "73" and specifically denies wrongful conduct by TRU.

74.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "74" and specifically denies wrongful conduct by TRU.

75.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "75" and specifically denies wrongful conduct by TRU.

76.    Denies each and every allegation contained in paragraph "76" in the form alleged and specifically denies any wrongful conduct by TRU.

77.    Denies each and every allegation contained in paragraph "77" in the form alleged and specifically denies any wrongful conduct by TRU.

78.    Denies each and every allegation contained in paragraph "78" in the form alleged and specifically denies any wrongful conduct by TRU.

79.    Denies each and every allegation contained in paragraph "79" in the form alleged and specifically denies any wrongful conduct by TRU.

80.    Denies each and every allegation contained in paragraph "80" in the form alleged and specifically denies any wrongful conduct by TRU.

81.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "81" and specifically denies wrongful conduct by TRU.

82.    Denies each and every allegation contained in paragraph "82" in the form alleged and specifically denies any wrongful conduct by TRU.

83.    Denies each and every allegation contained in paragraph "83" in the form alleged and specifically denies any wrongful conduct by TRU.

84. Denies each and every allegation contained in paragraph "84" in the form alleged and specifically denies any wrongful conduct by TRU.

85. Denies each and every allegation contained in paragraph "85" in the form alleged and specifically denies any wrongful conduct by TRU.

86. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "86".

87. Denies each and every allegation contained in paragraph "87" in the form alleged and specifically denies any wrongful conduct by TRU.

88. Denies each and every allegation contained in paragraph "88" in the form alleged and specifically denies any wrongful conduct by TRU.

89. Denies each and every allegation contained in paragraph "89" in the form alleged and specifically denies any wrongful conduct by TRU.

90. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "90" and specifically denies wrongful conduct by TRU.

91. Denies each and every allegation contained in paragraph "91" in the form alleged and specifically denies any wrongful conduct by TRU.

92. Denies each and every allegation contained in paragraph "92" in the form alleged and specifically denies any wrongful conduct by TRU.

93. Denies each and every allegation contained in paragraph "93" in the form alleged and specifically denies any wrongful conduct by TRU.

94. Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "94".

95.     Denies each and every allegation contained in paragraph "95" in the form alleged and specifically denies any wrongful conduct by TRU.

96.     Denies each and every allegation contained in paragraph "96" in the form alleged and specifically denies any wrongful conduct by TRU.

97.     Denies each and every allegation contained in paragraph "97" in the form alleged and specifically denies any wrongful conduct by TRU.

98.     Denies each and every allegation contained in paragraph "98" in the form alleged and specifically denies any wrongful conduct by TRU.

99.     Denies each and every allegation contained in paragraph "99" in the form alleged and specifically denies any wrongful conduct by TRU.

100.     Denies each and every allegation contained in paragraph "100" in the form alleged and specifically denies any wrongful conduct by TRU and specifically denies that the operation or non-operation of an exit greeter program is premised upon face or any non-business criteria.

101.     Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "101".

102.     Denies each and every allegation contained in paragraph "102" in the form alleged and specifically denies any wrongful conduct by TRU.

103.     Denies each and every allegation contained in paragraph "103" in the form alleged and specifically denies any wrongful conduct by TRU.

104.     Denies each and every allegation contained in paragraph "104" in the form alleged and specifically denies any wrongful conduct by TRU.

105.     Denies each and every allegation contained in paragraph "105" in the

form alleged and specifically denies any wrongful conduct by TRU.

106.    Denies each and every allegation contained in paragraph "106" in the form alleged and specifically denies both any wrongful conduct by TRU and that the operation or non-operation of an exit greeter program is premised upon race or any non-business criteria.

107.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "107".

108.    Denies each and every allegation contained in paragraph "108" in the form alleged and specifically denies any wrongful conduct by TRU.

109.    Denies each and every allegation contained in paragraph "109" in the form alleged and specifically denies any wrongful conduct by TRU.

110.    Denies each and every allegation contained in paragraph "110" in the form alleged and specifically denies any wrongful conduct by TRU.

111.    Denies each and every allegation contained in paragraph "111" in the form alleged and specifically denies both any wrongful conduct by TRU and that the operation or non-operation of an exit greeter program is premised upon race or any non-business criteria.

112.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "112".

113.    Denies each and every allegation contained in paragraph "113" in the form alleged and specifically denies any wrongful conduct by TRU.

114.    Denies each and every allegation contained in paragraph "114" in the form alleged and specifically denies any wrongful conduct by TRU.

115.    Denies each and every allegation contained in paragraph "115" in the form alleged and specifically denies any wrongful conduct by TRU.

116.    Denies each and every allegation contained in paragraph "116" in the form alleged and specifically denies any wrongful conduct by TRU.

117.    Denies each and every allegation contained in paragraph "117" in the form alleged and specifically denies any wrongful conduct by TRU and specifically denies that the operation or non-operation of an exit greeter program is premised upon race or any non-business criteria.

118.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "118".

119.    Denies each and every allegation contained in paragraph "119" in the form alleged and specifically denies any wrongful conduct by TRU.

120.    Denies each and every allegation contained in paragraph "120" in the form alleged and specifically denies any wrongful conduct by TRU.

121.    Denies each and every allegation contained in paragraph "121" in the form alleged and specifically denies any wrongful conduct by TRU.

122.    Denies each and every allegation contained in paragraph "122" in the form alleged and specifically denies any wrongful conduct by TRU.

123.    Denies each and every allegation contained in paragraph "123" in the form alleged and specifically denies both any wrongful conduct by TRU and that the operation or non-operation of an exit greeter program is premised upon race or any non-business criteria.

124.    Denies knowledge or information sufficient to form a belief as to each

and every allegation contained in paragraph "124".

125.    Denies each and every allegation contained in paragraph "125" in the form alleged and specifically denies any wrongful conduct by TRU.

126.    Denies each and every allegation contained in paragraph "126" in the form alleged and specifically denies any wrongful conduct by TRU.

127.    Denies each and every allegation contained in paragraph "127" in the form alleged and specifically denies any wrongful conduct by TRU.

128.    Denies each and every allegation contained in paragraph "128" in the form alleged and specifically denies any wrongful conduct by TRU.

129.    Denies each and every allegation contained in paragraph "129" in the form alleged and specifically denies both any wrongful conduct by TRU and that the operation or non-operation of an exit greeter program is premised upon race or any non-business criteria.

130.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "130".

131.    Denies each and every allegation contained in paragraph "131" in the form alleged and specifically denies any wrongful conduct by TRU.

132.    Denies each and every allegation contained in paragraph "132" in the form alleged and specifically denies any wrongful conduct by TRU.

133.    Denies each and every allegation contained in paragraph "133" in the form alleged and specifically denies any wrongful conduct by TRU.

134.    Denies each and every allegation contained in paragraph "134" in the form alleged and specifically denies any wrongful conduct by TRU.

135.    Denies each and every allegation contained in paragraph "135" in the form alleged and specifically denies both any wrongful conduct by TRU and that the operation or non-operation of an exit greeter program is premised upon race or any non-business criteria.

136.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "136".

137.    Denies each and every allegation contained in paragraph "137" in the form alleged and specifically denies any wrongful conduct by TRU.

138.    Denies each and every allegation contained in paragraph "138" in the form alleged and specifically denies any wrongful conduct by TRU.

139.    Denies each and every allegation contained in paragraph "139" in the form alleged and specifically denies any wrongful conduct by TRU.

140.    Denies each and every allegation contained in paragraph "140" in the form alleged and specifically denies any wrongful conduct by TRU.

141.    Denies each and every allegation contained in paragraph "141" in the form alleged and specifically denies both any wrongful conduct by TRU and that the operation or non-operation of an exit greeter program is premised upon race or any non-business criteria.

142.    Denies knowledge or information sufficient to form a belief as to each and every allegation contained in paragraph "142".

143.    Denies each and every allegation contained in paragraph "143" in the form alleged and specifically denies any wrongful conduct by TRU.

144.    Denies each and every allegation contained in paragraph "144" in the

form alleged and specifically denies any wrongful conduct by TRU.

145.    Denies each and every allegation contained in paragraph "145" in the form alleged and specifically denies any wrongful conduct by TRU.

146.    Denies each and every allegation contained in paragraph "146" in the form alleged and specifically denies any wrongful conduct by TRU.

147.    Denies each and every allegation contained in paragraph "147".

148.    Denies each and every allegation contained in paragraph "148".

149.    Denies each and every allegation contained in paragraph "149".

150.    Denies each and every allegation contained in paragraph "150".

151.    Denies each and every allegation contained in paragraph "151".

152.    Denies each and every allegation contained in paragraph "152".

153.    Denies each and every allegation contained in paragraph "153" in the form alleged and asserts both that there has been no discriminatory conduct by TRU and this action does not meet the criteria for class action treatment.

154.    Denies each and every allegation contained in paragraph "154" in the form alleged and specifically denies any wrongful conduct by TRU.

155.    Denies each and every allegation contained in paragraph "155".

156.    Denies each and every allegation contained in paragraph "156" in the form alleged and asserts both that there has been no discriminatory conduct by TRU and this action does not meet the criteria for class action treatment.

157.    Neither admits nor denies the allegations contained in paragraph "157", as the declaratory statements therein require neither an admission nor denial.

158.    Denies each and every allegation contained in paragraph "158".

159.    Denies each and every allegation contained in paragraph "159".

160.    Denies each and every allegation contained in paragraph "160".

161.    Denies each and every allegation contained in paragraph "161".

162.    Denies each and every allegation contained in paragraph "162".

163.    Denies each and every allegation contained in paragraph "163".

164.    Denies each and every allegation contained in paragraph "164".

165.    Denies each and every allegation contained in paragraph "165" in the form alleged.

166.    Denies each and every allegation contained in paragraph "166" in the form alleged.

167.    Denies each and every allegation contained in paragraph "167".

168.    Denies each and every allegation contained in paragraph "168".

169.    Denies each and every allegation contained in paragraph "169".

170.    Denies each and every allegation contained in paragraph "170".

### AS TO COUNT I  - VIOLATION OF 42 U.S.C. §1981 et. seq.

171.    In response to paragraph "1" through "170," repeats each admission or denial heretofore made in response to paragraph "171".

172.    Denies each and every allegation contained in paragraph "172".

173.    Denies each and every allegation contained in paragraph "173".

### AS TO COUNT II  - VIOLATIONS OF 42 U.S.C. §1983 et. seq.

174.    In response to paragraph "1" through "173," repeats each admission or denial heretofore made in response to paragraph "174".

175.    Denies each and every allegation contained in paragraph "175 in the

form alleged and respectfully refers all questions of law to this Honorable Court and denies that TRU bore any legal relationship to such defendants to sustain any liability.

176.    Denies each and every allegation contained in paragraph "176".

177.    Denies each and every allegation contained in paragraph "177".

### AS TO COUNT III – CIVIL RIGHTS CONSPIRACY

178.    In response to paragraph "1" through "177," repeats each admission or denial heretofore made in response to paragraph "178".

179.    Denies each and every allegation contained in paragraph "179".

180.    Denies each and every allegation contained in paragraph "180".

### AS TO COUNT XII – CIVIL RIGHTS VIOLATIONS UNDER NEW YORK EXECUTIVE LAW § 296

181.    In response to paragraph "1" through "180," repeats each admission or denial heretofore made in response to paragraph "181".

182.    Denies each and every allegation contained in paragraph "182" in the form alleged and respectfully refers all questions of law to this Honorable Court and specifically denies that TRU participated in any discriminatory conduct.

183.    Denies each and every allegation contained in paragraph "183".

184.    Denies each and every allegation contained in paragraph "184".

185.    Denies each and every allegation contained in paragraph "185".

186.    Denies each and every allegation contained in paragraph "186".

187.    Denies each and every allegation contained in paragraph "187".

188.    Denies each and every allegation contained in paragraph "188".

## AS TO COUNT XIII – CIVIL RIGHTS VIOLATIONS UNDER
## NEW YORK CIVIL RIGHTS LAW § 40

189.    In response to paragraph "1" through "188," repeats each admission or denial heretofore made in response to paragraph "189".

190.    Denies each and every allegation contained in paragraph "190" in the form alleged and respectfully refers all questions of law to this Honorable Court and specifically denies that TRU participated in any discriminatory conduct.

191.    Denies each and every allegation contained in paragraph "191".

192.    Denies each and every allegation contained in paragraph "192".

193.    Denies each and every allegation contained in paragraph "193".

194.    Denies each and every allegation contained in paragraph "194".

195.    Denies each and every allegation contained in paragraph "195".

196.    Denies each and every allegation contained in paragraph "196".

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

197.    Each of Plaintiffs' Counts, or claims against TRU fails to state a cognizable cause of action, because to the extent that there are existent distinctions in the operation of exit greeter programs, either among stores or at different times in the same store, they are based on sound, non-discriminatory business interests without regard to race.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

198.    Each of Plaintiffs' Counts, or claims against TRU fails to state a

cognizable cause of action, because to the extent that there are distinctions in operations as to exit greeter programs, either among stores or at different times in the same store, they are based on sound, non-discriminatory business interests without regard to race, and plaintiffs cannot establish that such business reasons are pre-textual.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

199.    Each of Plaintiffs' Counts, or claims against TRU fails to state a cognizable cause of action, inasmuch as the allegations themselves do not suggest that disparate treatment, if any, is premised upon race or national origin.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

200.    Each of Plaintiffs' Counts or claims against TRU fails to state a cause of action because TRU policies and conduct are non-discriminatory.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

201.    Each of Plaintiffs' Counts or claims against TRU fails to state a cognizable cause of action because the plaintiffs lack any evidence of intent to discriminate.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

202.    Plaintiffs' Count I, pleading a violation of 42 U.S.C. 1981, fails to state a cognizable cause of action for deprivation of equal benefits, as there are neither

allegations nor proof of a discriminatory violation of state tort law.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

203.    Plaintiffs' Count I, pleading a violation of 42 U.S.C. 1981, fails to state a

cognizable cause of action for an interference of contract, as there are neither

allegations nor proof of an actual interference with the purchase of products.

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

204.    Plaintiffs' Count I, pleading a violation of 42 U.S.C. 1981, fails to state a

cognizable cause of action for an interference of contract, as the claims

improperly rely on post-purchase activity.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

205.    To the extent that the prayer for relief claims a violation of 42 U.S.C.

1982, there is a failure to state a cause of action, as there are no factual

allegations to support such a claim, and that there is a total reliance on post-

purchase conduct.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

206.    Plaintiffs' Count II, pleading a violation of 42 U.S.C. 1983, fails to state

a cause of action as there is the complete absence of the requisite state action.

**AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

207.    Plaintiffs' reliance on the status of non-employees of TRU, as the basis for state action, fails as a matter of law.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

208.    All causes of action against TRU fail to state a cause of action because TRU cannot be held liable for any acts of independent contractors that violate the expressed policies of TRU.

**AS AND FOR A THIRTEENTH AFFIRMATIVE**
**DEFENSE TOYS "R" US, INC. ALLEGES AS**
**FOLLOWS UPON INFORMATION AND BELIEF:**

209.    Plaintiffs' Count III fails to state a cause of action on the grounds that it fails to identify a conspiracy which has, as its intent, the deprivation of civil rights.

**AS AND FOR A FOURTEENTH AFFIRMATIVE**
**DEFENSE TOYS "R" US, INC. ALLEGES AS**
**FOLLOWS UPON INFORMATION AND BELIEF:**

210.    Plaintiffs' Count III fails to state a cause of action, inasmuch as there is a complete failure to establish, or prove, an agreement, either explicit or implicit.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

211.    Plaintiffs' Count III fails to state a cause of action for failure to identify an act by TRU in furtherance of the supposed conspiracy.

**AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE**
**TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON**
**INFORMATION AND BELIEF:**

212.    Each of plaintiffs' causes of action fails to allege a cognizable cause of

action for failure to identify a specific deprivation of a property right.

**AS AND FOR A SEVENTEENTH AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
<u>FOLLOWS UPON INFORMATION AND BELIEF:</u>**

213.    Plaintiffs' Count XII (improperly labeled), claiming a violation of New

York's Executive Law, fails to state a cause of action as the result of its failure to

establish an actual denial of services.

**AS AND FOR A EIGHTEENTH AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
<u>FOLLOWS UPON INFORMATION AND BELIEF:</u>**

214.    Plaintiffs' Count XII (improperly labeled), claiming a violation of New

York's Executive Law, fails to state a cause of action with respect to the putative

Representative Rhodes, or any persons allegedly "similarly situated".

**AS AND FOR A NINETEENTH AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
<u>FOLLOWS UPON INFORMATION AND BELIEF:</u>**

215.    Plaintiffs' Count XIII (improperly labeled), claiming a violation of New

York's Civil Rights Law Section 40, fails to state a cause of action as the result of

its failure to establish an actual denial of services.

**AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE
TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON
<u>INFORMATION AND BELIEF:</u>**

216.    Plaintiffs' Count XIII (improperly labeled), claiming a violation of New

York's Civil Rights Law Section 40, fails to state a cause of action with respect to

the putative Representative Rhodes, or any persons allegedly "similarly situated".

**AS AND FOR A TWENTY-FIRST AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
<u>FOLLOWS UPON INFORMATION AND BELIEF:</u>**

217.   Plaintiffs cannot, and do not, meet the requisite showings for the

certification of this action as a class action.

**AS AND FOR A TWENTY-SECOND AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

218.   The class identified in the Amended Complaint must fail as overly

broad, and as encompassing claims barred by the controlling statutes of

limitations.

**AS AND FOR A TWENTY-THIRD AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

219.   The Amended Complaint fails to state a cognizable claim for a

declaratory judgment.

**AS AND FOR A TWENTY-FOURTH AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

220.   The Amended Complaint fails to state a cognizable claim for a

prohibitive or mandatory injunction.

**AS AND FOR A TWENTY-FIFTH AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

221.   The Amended Complaint fails to state a cognizable claim for punitive

damages.

**AS AND FOR A TWENTY-SIXTH AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

222.   Plaintiffs' claims, on behalf of the putative class, are barred, in whole or

in part, by the operative statutes of limitations.

### AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

223.    The claims of putative representative Cones, as identified in the Amended Complaint  are barred, in whole or part, by the applicable statute of limitations.

### AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

224.    The claims of putative representative Stallings, as identified in the Amended Complaint, are barred, in whole or part, by the applicable statute of limitations.

### AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

225.    The claims of putative representative Utley, as identified in the Amended Complaint, are barred, in whole or part, by the applicable statute of limitations.

### AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

226.    The claims of putative representative Miller, as identified in the Amended Complaint, are barred, in whole or part, by the applicable statute of limitations.

**AS AND FOR A THIRTY-FIRST AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

227.  The claims of putative representative Branch, as identified in the

Amended Complaint, are barred, in whole or part, by the applicable statute of

limitations.

**AS AND FOR A THIRTY-SECOND AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

228.  The claims of putative representative Loving, as identified in the

Amended Complaint, are barred, in whole or part, by the applicable statute of

limitations.

**AS AND FOR A THIRTY-THIRD AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

229.  The claims of putative representative Weaver, as identified in the

Amended Complaint, are barred, in whole or part, by the applicable statute of

limitations.

**AS AND FOR A THIRTY-FOURTH AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

230.  The claims of putative representative High, as identified in the

Amended Complaint, are barred, in whole or part, by the applicable statute of

limitations.

### AS AND FOR A THIRTY-FIFTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

231. The claims of putative representative Scott, as identified in the Amended Complaint, are barred, in whole or part, by the applicable statute of limitations.

### AS AND FOR A THIRTY-SIXTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

232. The claims of the Putative Representatives are too speculative to render them "typical" of any class.

### AS AND FOR A THIRTY-SEVENTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

233. The claims of damages, either to the Putative Representatives or to the putative class, are too speculative to support either individual actions or a class action.

### AS AND FOR A THIRTY-EIGHTH AFFIRMATIVE DEFENSE TOYS "R" US, INC. ALLEGES AS FOLLOWS UPON INFORMATION AND BELIEF:

234. Plaintiffs' Count XIII (improperly labeled), claiming a violation of New York's Civil Rights Law Section 40, fails to state a cause of action due to the failure of plaintiffs to provide notice to the New York State Attorney General prior to, or contemporaneous with, the filing of this action.

**AS AND FOR A THIRTY-NINTH AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

235.    Plaintiffs' Count XII and XIII (improperly labeled), asserting claims under New York state statutes, are subject to the application of CPLR 50-B, CPLR 4545(c) and the limitations contained therein.

**AS AND FOR A FORTIETH AFFIRMATIVE DEFENSE
TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

236.    Plaintiffs' assertion that there can be a nationwide class action premised upon an alleged violation of New York State statute, (Counts XII and XIII) must fail as a matter of law.

**AS AND FOR A FORTY-FIRST AFFIRMATIVE
DEFENSE TOYS "R" US, INC. ALLEGES AS
FOLLOWS UPON INFORMATION AND BELIEF:**

237.    This Court lacks subject matter jurisdiction over Counts XII and XIII.

WHEREFORE, the defendants TOYS "R" US, INC. and TOYS "R" US-DELAWARE, INC. f/k/a TOYS "R" US-NY, LLC and TOYS "R" US-OHIO, INC.,

demand judgment dismissing the plaintiffs' complaint, with costs and disbursements.

Dated:        New York, New York
              February 27, 2008

                              Yours, etc.,

                              LEDY-GURREN BASS & SIFF, LLP.

                              By: _____
                                    NANCY LEDY-GURREN (2186)

                              Ronald Cherry (PHV)
                              Cherry & Jenifer, P.A.
                              7825 York Road, Towson, Maryland 21204
                              410-494-4954

                              Ledy-Gurren Bass & Siff, LLP
                              475 Park Avenue South
                              New York, New York
                              (212) 447-1111


TO:          Roy & Associates, P.C.
             26 Court Street
             Suite 1503
             Brooklyn, New York 11242

             K.C. Okoli
             330 Seventh Avenue
             15th Floor
             New York, New York 10001

             Lester Schwab Katz & Dwyer
             120 Broadway
             New York, New York 10271