# LESTER SCHWAB KATZ & DWYER, LLP
120 BROADWAY
NEW YORK, N.Y. 10271-0071

(212) 964-6611
FAX (212) 267-5916

THOMAS A. CATALANO
Writer's Direct Dial: (212) 341-4298
E-Mail: tcatalano@lskdnylaw.com

NEW JERSEY OFFICE
24 LACKAWANNA PLAZA
MILLBURN, N.J. 07041
(973) 912-9501

June 19, 2008

**MEMO ENDORSED**

**p4**

By hand

Hon. Richard M. Berman
United States District Court
Southern District of New York
500 Pearl Street, Room 650
New York, NY 10007

Re: *Drayton v. Toys "R" Us et al.* 1:07-cv-06315-RMB-JCF

Dear Judge Berman:

We represent defendants Metro One Loss Prevention Group (Guard Division), Inc. and Rocky Etienne (collectively, "Metro One"). As per the order of Magistrate Francis dated June 10, 2008[1], discovery closed on May 30, 2008. We are writing to request a pre-motion conference to address Metro One's proposed motion for summary judgment.[2]

Toys "R" Us has a policy of checking the receipts of all persons leaving its stores. Metro One was a security guard company retained to perform that task. Essentially, the plaintiffs claim that they were stopped and asked to show their receipts while exiting the store, while white persons were not.[3]

---

[1] Plaintiffs' application for reconsideration of that order was denied by the memo endorsed order of Magistrate Francis, dated June 18, 2008.
[2] We had joined in a letter submitted by co-defendant Toys "R" Us, dated June 4, 2008, seeking a pre-motion conference to address a motion to dismiss the class action allegations for failing to move to certify by April 15, 2008 as per the scheduling order, and to strike the complaint of those plaintiffs who did not appear for depositions. The Court has not yet ruled on that application.
[3] Some plaintiffs also claim that Toys "R" Us does not utilize such a receipt verification procedure at stores located in predominantly white neighborhoods. The receipt verification procedure is in place wherever Metro One provides security guard services to Toys "R" Us, and Metro One does not set Toys "R" Us policy. Thus, this allegation is inapplicable to Metro One.

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Richard M. Berman
June 18, 2008
Page 2

The First Claim is brought under 42 U.S.C. §1981 and alleges violation of its contract clause ("make and enforce contracts") and equal benefits clause ("full and equal benefit of all laws and proceedings for the security of persons and property"). Each plaintiff admitted that they had completed their purchases when the conduct complained of occurred. Therefore, the contract clause claim must be dismissed. Bishop v. Toys "R" Us-NY LLC, 414 F.Supp.2d 385, 393 (S.D.N.Y. 2006); Flowers v. TJX Companies, Inc., 1994 WL 382515, *6 (N.D.N.Y. 1994).

In order to prevail on an Section 1981 equal benefit claim a plaintiff must [a] "prove a racial animus," [b] "identify a relevant law or proceeding for the 'security of persons and property;' " and [c] "persuade a fact-finder or the court that defendants have deprived them of 'the full and equal benefit' of this law or proceeding." Phillip v. University of Rochester, 316 F.3d 291, 298 (2nd Cir. 2003). Although state action is not required, "there must be some nexus between a claim and the state or its activities [.]" 316 F.3d at 295. With the possible exception of Drayton and Branch, none of the plaintiffs claim that they were prevented from leaving the store and detained for any time longer than it took to request production of their receipt. Even Drayton and Branch could have ended the incident at will by simply producing the receipt that each admit they had in their possession. In no case was there a false imprisonment or any other cognizable state law tort committed, and indeed no such state tort claims are alleged in the first amended complaint. Thus, there can be no "nexus between a claim and the state or its activities" and consequently, no basis upon which to claim that the plaintiffs had been deprived of the "full and equal benefit of all laws and proceedings for the security of persons and property."

Moreover, there is no competent evidence of intentional discrimination. Plaintiffs cannot show by evidentiary proof in admissible form that "similarly situated" white customers were treated preferentially, i.e., were permitted to leave the store without being asked to show

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Richard M. Berman
June 18, 2008
Page 3

their receipts. Plaintiffs' deposition testimony in this regard consists of mere speculation and conjecture. "For a selective enforcement claim to reach a jury, the plaintiff must adduce evidence consisting of more than mere conclusory or unsubstantiated statements." Henry v. Daytop Village, Inc., 42 F.3d 89, 96 -97 (2nd Cir. 1994); Lizardo v. Denny's, Inc., 270 F.3d 94, 101 (2nd Cir. 2001) (summary judgment granted, plaintiffs failed to establish that similarly situated patrons were given preferential treatment).

Count II is based upon 42 U.S.C. § 1983 and is related solely to plaintiff Rhodes who, unlike the other plaintiffs, lives in Ohio, and claims to have been arrested there. Metro One did not provide services to any Ohio Toys "R" Us store, and it is entitled to dismissal of this Count on that basis.

Count III for conspiracy must be dismissed since the federal claims fail to state a cause of action. "In the absence of any claim establishing a violation of civil rights, the court must also dismiss claims of conspiracy brought under § 1985." O'Bradovich v. Village of Tuckahoe, 325 F.Supp.2d 413, 426 (S.D.N.Y. 2004).

The remainder of the complaint alleges racial discrimination under the New York Human Rights Law and Civil Rights Law. N. Y. Executive Law § 296; N. Y. Civil Rights Law § 40. "Because New York courts follow federal law to adjudicate claims under the New York Human Rights Law," these claims should be dismissed for the same reasons as the federal claims. Wimmer v. Suffolk County Police Dept., 176 F.3d 125, 128 (2nd Cir. 1999).

Respectfully,

Thomas A. Catalano

LESTER SCHWAB KATZ & DWYER, LLP

Hon. Richard M. Berman
June 18, 2008
Page 4

cc:
By fax (212) 805-7930
Hon. James C. Francis
United States Magistrate Judge
United States Courthouse
500 Pearl St., Room 1960
New York, NY 10007

By fax (718) (718) 797-3994 and mail
Emmanuel Roy, Esq.
32 Court Street, #201
Brooklyn, NY 10201
Attorneys for Plaintiffs

By fax (212) 447-6686 and mail
Nancy Ledy-Gurren, Esq.
Ledy-Gurren Bass & Siff, LLP
475 Park Avenue South
New York, NY 10016
Attorneys for Defendant Toys "R" Us

By fax (212) 268-3443 and mail
Law Offices of K.C. Okoli, P.C.
330 Seventh Avenue, 15th Fl.
New York, New York 10001
Attorneys for Plaintiffs

By fax (410) 494-4952 and mail
Ronald M. Cherry, Esq.
Cherry & Jenifer, P.A.
7825 York Road
Towson, Maryland 21204-7445
Co-Counsel to Defendant Toys "R" Us

1035312

> Conference needed to discuss motions, if any, to be filed. 7/15/08 @ 9:30 for all parties.
>
> SO ORDERED:
> Date: 6/24/08    Richard M. Berman
> Richard M. Berman, U.S.D.J.