USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/9/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x
PATRICIA DRAYTON, DARWIN DAVID
RHODES, VALERIE KIRK, CLYDE CONES,
ANGELA STALLINGS, LIA-QUANA UTLEY,
IDA JACKSON, ERICA MILLER, TERESA
BRANCH, LINDA LOVING, PATRICIA
WEAVER, MARGARET HIGH and DENISE
SCOTT, for themselves and on behalf of all
similarly situated African Americans who
shopped at Toys 'R' Us stores since 2004, or who
will shop at said Toys 'R' Us stores,

                        Plaintiffs,

          -against-

TOYS 'R' US INC., TOYS 'R' US-NY, LLC,
TOYS 'R' US-OHIO, INC., JOHN DOE #s 1-5,
being individual managerial staff of Toys 'R' Us
Store No. 8930, METRO ONE LOSS
PREVENTION GROUP (GUARD DIVISION
NY), INC. ("METRO ONE"), ROCKY ETIENNE,
individually, and in his official capacity as an
employee of METRO ONE; MARK MCMAHON,
individually, and in his official capacity as an
employee of METRO ONE; "JOE SHERIFF,"
real name unknown, the person intended being a
Sheriff's Deputy of the Hamilton County Sheriff's
Department, Cincinnati, Ohio, who accosted
Darwin David Rhodes at a Toys 'R' Us store on or
about January 25, 2006, "P.O. TODD," real name
unknown, the person intended being a police
officer of the City of Cincinnati, Ohio, who arrested
Darwin David Rhodes in or about April 2006 for
alleged theft at a Toys 'R' Us store on January 25,
2006, CITY OF CINCINNATI,

                        Defendants.
----------------------------------------------------------x

07 Civ. 6315 (RMB)

**ORDER**

## I.    Background

      By Decision and Order, dated July 15, 2009 ("Order"), the Court granted in part and denied in part a motion for summary judgment filed by Defendants Toys 'R' Us, Inc. ("Toys");

Toys 'R' Us-NY LLC ("TRU-NY"); Toys 'R' Us-Ohio, Inc. ("TRU-OH"); John Doe #s 1-5, being individual managerial staff of Toys 'R' Us Store 8930 ("TRU-Does"); Metro One Loss Prevention Group (Guard Division NY), Inc. ("Metro One"); Rocky Etienne ("Etienne"); Mark McMahon ("McMahon"); Joe Sheriff, "a Sheriff's Deputy with the Hamilton County Sheriff's Department, in Cincinnati, State of Ohio ['Sheriff']"; P.O. Todd "a police officer employed by the City of Cincinnati, State of Ohio ['Todd']"; and the City of Cincinnati ("Cincinnati") (collectively, "Defendants").

On or about July 27, 2009, Plaintiffs Patricia Drayton ("Drayton"), Valerie Kirk ("Kirk"), Angela Stallings ("Stallings"), Lai-Quana Utley ("Utley"), Ida Jackson ("Jackson"), and Teresa Branch ("Branch") (collectively, the "New York Plaintiffs"), and Darwin David Rhodes ("Rhodes"), Clyde Cones ("Cones"), Erica Miller ("Miller"), Linda Loving ("Loving"), Patricia Weaver ("Weaver"), Margaret High ("High"), and Denise Scott ("Scott") (together with the New York Plaintiffs, "Plaintiffs"), on behalf of themselves and "African Americans who shopped at Toys 'R' Us stores since 2004 or who will shop at said Toys 'R' Us stores," moved for reconsideration of the Court's dismissal for Plaintiffs' failure to raise issues of material fact of: (1) the New York Plaintiffs' second "equal benefit" claim under 42 U.S.C. § 1981; (2) Plaintiff Rhodes's claim under 42 U.S.C. § 1981; and (3) Plaintiff Rhodes's claim under 42 U.S.C. § 1983. (See Mem. of Law in Supp. of Pl. Mot. for Recons. and/or Reargument, dated July 27, 2009 ("Pl. Mem"), at 2, 5, 9, 11.) Plaintiffs argue that the Court erred in its conclusions: (1) that the New York Plaintiffs failed to raise an issue of material fact as to their claim that Toys had a discriminatory intent behind its decision not to check customer receipts in predominantly white neighborhoods, because, among other things, the Court did not consider that Plaintiff Stallings

2

"could provide competent testimonial evidence as to what she observed at [various] store[s] on the occasions that she went there" and such testimony amounted to "very store-specific and fact-specific evidence in the record"; (2) that the allegations made against Toys by Plaintiff Rhodes "are insufficient, as a matter of law, to give rise to an inference of discrimination," because, among other things, the Court did not consider that "Rhodes was in fact profiled as an African American when the store manager and other store employees started to watch and follow him, as soon as he entered the store"; and (3) that Plaintiff Rhodes presented insufficient evidence to support his allegation that Toys was acting under color of state law, because, among other things, the Court did not consider that "[t]he Sheriff removed Rhodes from the store and prevented Rhodes from shopping at the behest of [Toys.]" (Order at 14–18; see also Pl. Mem. at 2–5, 7, 9.)

Defendants filed an Opposition on August 12, 2009 in which they also moved that the Court reconsider the Order insofar as it denied Defendants' motion for summary judgment as to the New York Plaintiffs' first "equal benefit" claim under 42 U.S.C. § 1981. (See Def. Mem. of Law in Opp'n to Reargument & in Supp. of the Req. that the Remaining Causes of Action Be Dismissed, dated Aug. 12, 2009 ("Def. Mem."), at 1–3.) Defendants argue that the Court erred in its conclusion that "the New York Plaintiffs raised 'material issues of fact' as to whether they were 'singled out for unlawful oppression'" by Toys' enforcement of its receipt-checking policy, because, among other things, "the Court overlooked both controlling authority and key facts raised on the original motion." (Def. Mem. at 10–11; see also id. at 10–14; Order at 12–13.) Plaintiffs have not replied.

**For the reasons set forth below, Plaintiffs' and Defendants' motions for reconsideration are denied.**

## II. Legal Standard

Pursuant to Local Civil Rule 6.3, timely motions for reconsideration are allowed but "[t]he standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see also Padilla v. Maersk Line, Ltd., No. 07 Civ. 3638, 2009 WL 1839001, at *2 (S.D.N.Y. June 24, 2009). "[A] motion for reconsideration is 'not designed to accord an opportunity for the moving party, unhappy with the results, to take issue with the Court's resolution of matters considered in connection with the original motion.'" Eon Labs, Inc. v. Pfizer Inc., 05 Civ. 0002, 2005 WL 2848952, at *3 (S.D.N.Y. Oct. 28, 2005) (quoting USA Certified Merchs., LLC v. Koebel, 273 F. Supp. 2d 501, 502–04 (S.D.N.Y. 2003)); see also Fed. R. Civ. P. 59(e). "[A] party may not 'advance new facts, issues or arguments not previously presented to the Court.'" Dellefave v. Access Technologies, No. 99 Civ. 6098, 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001).

## III. Analysis

### (1) Plaintiffs' Motion for Reconsideration

Plaintiffs have failed to identify any "controlling decisions or data" or factual matters that this Court overlooked and/or that might reasonably have altered the Order. Shrader, 70 F.3d at 257; Dellefave, 2001 WL 286771, at *1.

Among other things, the Court has already considered the statement of Plaintiff Stallings and the Bureau of Census evidence presented by Plaintiff regarding "predominantly white neighborhoods," and the arguments and allegations made in Plaintiffs' briefs on the original

4

summary judgment motion. (See Pl. Mem. at 2–4); see also Alexander v. Youngstown Bd. of Ed., 675 F.2d 787, 798 (6th Cir. 1982); Morris v. Northrop Grumman Corp., No. 92C8205, 1996 WL 145913, at *7 (N.D.Ill. Mar. 27, 1996).

Nor would plaintiffs' citation of Murray v. Wal-Mart, Inc., 874 F.2d 555 (8th Cir. 1989), alter this Court's decision. In Murray, a Section 1983 claim was viable because, in part, a relevant Arkansas "state statute authorizes . . . shopkeeper[s] to detain suspected shoplifters" and "it [was] the practice of Wal-Mart to work with the police department in prosecuting shoplifters." Id. at 558–59.

Plaintiffs do not cite any "controlling decisions or factual matters" that were put before the Court and that the Court overlooked. Diamond v. Treasurers & Ticket Sellers Union Local 751 Pension Fund, No. 05 Civ. 1937, 2007 WL 2261551, at *1 (S.D.N.Y. Aug. 8, 2007); (see Pl. Mem. at 5–9.)

### (2) Defendants' Motion for Reconsideration

Similarly, Defendants' motion for reconsideration points to no controlling decisions or facts in the record that this Court did not already consider. Shrader, 70 F.3d at 257.

### IV. Conclusion and Order

For the reasons set forth herein and in the July 15, 2009 Order, Plaintiffs' [#70] and Defendants' [#75] motions for reconsideration are denied.

Dated: New York, New York
      September 9, 2009

                                             RMB
                                    **RICHARD M. BERMAN, U.S.D.J.**